[L. A. No. 2026. Department Two.—July 21, 1908.]

SAN RAFAEL RANCH COMPANY, Respondent, v. RALPH ROGERS COMPANY, and OAK HILL WATER COMPANY et al., Appellants.

DEED—RESERVATION OF RIGHT OF WAY—RIGHT TO DIG TRENCHES AND LAY PIPE NOT CONFERRED.—A reservation in a deed, reserving to the grantor and its alienees "a reasonable right of way along and across" the land granted, contemplates merely a right of ingress and egress to and from the grantee's lands. It does not confer the right to dig trenches and lay pipe-lines for the conduct of water.

ID.—EXCEPTION OF WATER-RIGHTS.—Where a deed of land expressly excepts and reserves to the grantor "the right to take and use any and all water or waters in, on or under any and all of the land" granted. the exception is not repugnant to the estate granted.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellants.

Borden & Carhart, for Respondent.

HENSHAW, J.—Defendants, under claim of right so to do, entered upon the lands of plaintiff and proceeded to cut down the trees and shrubs and dig up the soil for the purpose of laying a pipe-line to conduct water, developed on their land, over the land of plaintiff. Plaintiff sought and obtained an injunction restraining them from thus entering upon its lands, and from this judgment defendants appeal.

Both plaintiff and defendants derive title from a common grantor. In all of the deeds executed by this grantor were contained the following reservations: "Said association expressly reserves to itself and each member thereof and to all alienees of the same forever, a reasonable right of way along and across said lot, and also reserves to said association all springs or other streams or waters arising or flowing, visible or invisible, on said lot, with a right to enter upon the same and make the necessary excavations or other works for the

development of the same by payment of reasonable damages therefor." Defendants are the owners of a portion of lot 48. By mesne conveyance, the city of Los Angeles became vested, both with the title to the land of this portion of lot 48, and also with the reserved right to the waters therein contained. Appellants contend that they in turn acquired all of the rights of the city of Los Angeles to the land and to the water, in brief, all of the rights reserved by the common grantor. They next contend that thereby is vested in them, not only the right to develop water upon their lot 48, but the right to enter upon and cross the lands of plaintiff and all others holding under their common grantor. We need not be at pains to consider at length appellants' contention that they have succeeded to the water-rights on lot 48, which, with the land, vested in the city of Los Angeles. The city's deed to the lot expressly excepted and reserved "the right to take and use any and all water or waters in, on or under any and all of the said land hereinbefore described." The contention of appellants that the language quoted, if treated as an exception, is repugnant to the estate granted by the city is not well founded and does not find favor. (*Painter* v. *Pasadena L. & W. Co.*, 91 Cal. 81, [27 Pac. 539]; *Butler* v. *Gosling*, 130 Cal. 420, [62 Pac. 596]; *Sears* v. *Ackerman*, 138 Cal. 586, [72 Pac. 171].) But passing this matter, even if appellants had acquired all of the rights of the city to the waters in lot 48, they acquired no right to enter upon the lands of plaintiff, as here they were doing. Neither the city itself had this right, nor did the common grantor, the San Gabriel Orange Grove Association. In the reservations above quoted, the association reserved to itself, its members, and alienees "a reasonable right of way along and across" the lands which it granted. The phrase "right of way," as thus used, has a well-defined meaning. It contemplates a right of ingress and egress to and from the grantee's lands. It does not contemplate the right to dig trenches and lay pipe-lines for the conduct of water. Indeed, such construction of this reservation of a right of way is distinctly negatived by the reservation immediately following, which reserves to the association alone (and not to any of its members or alienees) the right to the waters upon the lands which it conveys. In the nature of things, since the grantee of such a piece of land had no title to the water upon it, he could not

need a right of way across his neighbor's land for the purpose of carrying such water away.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Angellotti, J., concurred.

Hearing in Bank denied.