**In the Matter of BEN WEISS CO., Inc., Bankrupt.**

**C. Edward HOLTSBERG, Jr., Trustee, Appellant,**

**v.**

**NATIONAL ACCEPTANCE CO. OF CHICAGO, Appellee.**

**No. 12708.**

United States Court of Appeals
Seventh Circuit.

Nov. 5, 1959.

Edward Jacobs, Chicago, Ill., for appellant.

A. Bruce Schimberg, Chicago, Ill., Archie Schimberg, Maurice Jacobs, Chicago, Ill. (Schimberg, Jacobs & Schimberg, Chicago, Ill., of counsel), for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

National Acceptance Company of Chicago (NAC) petitioned for an order directing Yorke, Receiver, to turn over certain monies to NAC under an alleged factor's lien on the assets of Ben Weiss Co., Inc., Bankrupt. Later, Holtsberg was appointed Trustee, and was substituted for the Receiver.

On August 6, 1957, bankrupt, by its president, executed a written factor's lien agreement with NAC to secure all

loans made by NAC to Bankrupt during a five year period. NAC made loans under the agreement. A balance of some $8,000 was unpaid at the date of the adjudication of bankruptcy.

On August 6, 1957, NAC filed with the Recorder of Cook County, Illinois, a notice of the factor's lien agreement hereinbefore described. The notice and the verification were signed by Robert W. Seidell as agent of NAC. It is claimed by the Trustee that the factor's lien was invalid in that Seidell lacked legal capacity to sign for the factor. The evidence showed without dispute that Seidell has been employed by NAC for more than fifteen years, and that he had authority from the officers of NAC to sign.

The Referee held that NAC did not hold a valid factor's lien upon the assets of the bankrupt estate. Upon petition for review, the District Court reversed the decision of the Referee holding NAC had a valid factor's lien in the sum of $10,764.78 with interest in the sum of $633.09 and allowed attorney fees of $1250.00. In his Findings of Fact, the District Judge found NAC and the Trustee entered into an oral stipulation before the Referee in open court that the sole defense of the Trustee was whether notice of factor's lien filed by NAC complied with § 5 of the Illinois Factor's Lien Act in that it was verified for NAC by an agent who was not an officer of NAC.

Section 5 of the Factor's Lien Act of Illinois (Smith-Hurd Anno.Stat. Ch. 82, § 106) provides, in part: "Such notice of lien shall be verified by the factor to the effect that the statements therein contained are true to the best of the factor's knowledge. * * *"

The verification read: "Robert W. Seidell being first duly sworn on oath deposes and states that he is the Agent of National Acceptance Company of Chicago, the Factor referred to in the above and foregoing instrument; that he has read the foregoing Notice; that all the statements in said instrument contained are true to the best of his knowledge. (Signed) Robert W. Seidell."

In his reply brief, the Trustee, for the first time, argues that the verification is defective in that it did not state it was being made upon behalf of the factor, and that the knowledge referred to was that of the factor. As this point was not raised nor considered below, we shall not consider it here.

There is no express provision of the Illinois Factor's Lien Act which requires that the verification of the Notice of lien must be made by an officer, either elected or appointed.[1] As a corporation can act only through its duly authorized officers and agents, it is the general rule that affidavits upon behalf of corporations may be made by any duly authorized officers or agents having knowledge of the facts verified. 2 C.J.S. Affidavits § 8, p. 928. It must necessarily be inferred that an officer or agent of a corporation may make an affidavit in its behalf even though the statute regulating the making of the affidavit makes no provision or exception in favor of corporations. 1 Am.Jur. p. 937.

The Trustee's contention here for a strict rule of interpretation makes pertinent the observation of the Third Circuit in its recent opinion In re Eastern Supply Co., 267 F.2d 776, 778: "The appellant's argument on this question of authority goes almost to the place of requiring a corporate resolution before a corporate employee may properly sign, on behalf of his employer, an involuntary bankruptcy petition against a debtor. He does not, however, give us authority for such a strict rule and we do not think that it exists."

The notice of lien filed by NAC provided all the information required by the Act. Had the verification been made by elected officers rather than a duly authorized agent, no better or additional infor-

---

1. We assume for the purposes of this opinion that Seidell was not an elected officer of NAC although the only witness who testified stated: "I don't know whether he is an officer of the company. He may be the assistant secretary."

mation would have been furnished to third persons who might be interested.

We hold there was a substantial compliance with the statute and the judgment below is

Affirmed.