[Civ. No. 24536. Second Dist., Div. Two. Aug. 29, 1960.]

F. P. NEWPORT, Appellant, v. CITY OF LOS ANGELES, Respondent.

*Assigned by Chairman of Judicial Council.

Morris Lavine for Appellant.

Roger Arnebergh, City Attorney, Arthur W. Nordstrom, Assistant City Attorney, and Walter C. Foster, Deputy City Attorney, for Respondent.

FOX, P. J.—This was an action brought by plaintiff, F. P. Newport, to quiet title to certain real property which the defendant city had acquired from plaintiff in 1925 by condemnation and by grant deed, which deed was duly accepted by the city council. Defendant moved to dismiss plaintiff's complaint under section 437c of the Code of Civil Procedure, which motion the trial court granted and thereupon entered judgment for the city. Plaintiff has appealed.

The real property in question is located in the Los Angeles Harbor area and was originally acquired by plaintiff in 1914. The city acquired title to the property in 1925. The property was condemned and conveyed by the order of condemnation to the city for the stated purpose of utilizing the property for railroad and harbor facilities. It also appears

from the plaintiff's affidavit in opposition to the motion, the truthfulness of which must be assumed for purposes of this appeal, that the property has never been used for railroad or harbor purposes except for a small fraction which was leased to the Santa Fe Railroad. Plaintiff's affidavit further states that the property has been leased by the city for the production of oil and gas and that the city is receiving royalties therefrom.

Plaintiff's complaint is framed solely as a conventional quiet title complaint alleging that plaintiff is now the owner of the real property in question, that the defendant claims and asserts an interest in the property, that the defendant has no right, title or interest whatever in the land, and that the plaintiff is out of possession and the defendant is in possession of the premises. The complaint further prays that defendant be required to set forth the nature of its claim and that the court adjudge that the plaintiff is the true owner of the premises and that the defendant has no right, title or interest therein. The defendant city answered denying the material allegations of the complaint and further alleging that the city is the owner in fee of the property described in the complaint by virtue of a final order of condemnation entered in 1925 in an eminent domain proceeding in which F. P. Newport was defendant, and also by virtue of a deed executed by the plaintiff in favor of the city recorded in the same year.

Notice of motion to dismiss the complaint and enter judgment in favor of the defendant was duly filed by the city and accompanied by the necessary affidavit. The affidavit in support of the city's motion was sworn to by a deputy city attorney. It recites that "if sworn as a witness, he [the deputy city attorney] can testify competently to the following facts, which are within his personal knowledge: On March 17, 1959, affiant examined the file in the above entitled action; the following documents are on file in said action: 1. 'Request for Admission'—(§ 2033 CCP) filed on August 27, 1958; 2. 'Interrogatories Proposed by Defendant'—(§ 2030 CCP) filed on August 27, 1958; 3. 'Answer to Questions' filed November 20, 1958; and 4. 'Answer to Interrogatories Proposed by Defendant' filed on November 21, 1958. Affiant refers to each of the above listed documents, and, by reference, incorporates each in the affidavit as though set forth at length." The affidavit of F. P. Newport in opposition to the motion admits the execution of the grant deed but states that the deed was executed solely because of the representa-

tions made by the city that the land described in the deed would be used and was required by the city only for railroad and harbor purposes and that the deed was simply to effectuate the decree of condemnation without further delay; that he received no consideration for the deed other than the amount awarded in the condemnation proceeding; that he relied upon the representations made by the city and did not intend to and did not convey title for any purpose other than that stated; that the city had never used the property for the purposes originally represented but instead had leased the property for the production of oil and gas; and that all of the said property except a small fraction leased to the Santa Fe Railroad had been abandoned for the purposes for which it was condemned. Further, plaintiff requested leave to amend the complaint to set forth the foregoing facts.

After a hearing the court granted the motion and denied plaintiff's request to be allowed to amend his complaint. Judgment was entered accordingly, dismissing the complaint without leave to amend and adjudging that the plaintiff take nothing by his action.

Plaintiff's several assignments of error may be condensed to three basic issues: (1) Was the affidavit supporting the city's motion sufficient within the purview of section 437c of the Code of Civil Procedure; (2) Were there triable issues raised by the affidavits; and (3) Was the plaintiff estopped to deny the city's ownership of the property?

The initial problem arises from the form and content of the affidavit in support of the motion. Plaintiff argues that there is no express provision in section 437c for a motion to dismiss a complaint based upon requests for admissions and admissions made pursuant thereto. Section 437c reads in part: "The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto." It is apparent from the face of the challenged affidavit that the deputy city attorney affirmed only that he had examined the file and that the listed documents were on file in the action. He thereupon proceeded to incorporate the list of documents by reference. There is no showing that those documents were attached to the affidavit. Plaintiff points out that the affidavit in support of

234

the motion must contain facts sufficient to entitle the defendant to a judgment in the action and that the facts stated are required to be within the personal knowledge of the affiant and must be facts to which he could competently testify if called as a witness. Plaintiff says that reference to some other document or other matter not included in the affidavit is insufficient; that it is incumbent upon the defendant to establish by factual affidavits something more than a mere reference to admissions or answers to interrogatories. It appears, however, that plaintiff's objection to the affidavit is not well taken and that it presented facts sufficient to warrant the application of the summary remedy provided by section 437c.

The purpose of the summary judgment procedure is to provide a method for the prompt disposition of actions where there is, in fact, no triable material issue. (*McHugh* v. *Howard*, 165 Cal.App.2d 169 [331 P.2d 674]; *Coyne* v. *Krempels*, 36 Cal.2d 257 [223 P.2d 244].) The court's duty is limited to the determination of whether or not factual issues are presented by the affidavits and it is no part of the court's duty to make any factual determination. (*Southern Pac. Co.* v. *Fish*, 166 Cal.App.2d 353 [333 P.2d 133].) The procedure authorized by section 437c is, of course, a drastic one requiring caution in its application and may not be used as a substitute for the traditional methods of determining factual issues (*Dudum* v. *City of San Mateo*, 167 Cal.App.2d 593 [334 P.2d 968]; *Whaley* v. *Fowler*, 152 Cal.App.2d 379 [313 P.2d 97]) and, as pointed out by plaintiff, the supporting affidavits of the moving party are to be construed strictly and those of the opponent, liberally; for purposes of a motion for summary judgment those facts alleged in the opposition affidavit must be accepted as true. (*Beck* v. *Reinholtz*, 138 Cal.App.2d 719 [292 P.2d 906]; *Gillespie* v. *Hagan*, 94 Cal.App.2d 566 [211 P.2d 9].) In viewing the sufficiency of the affidavit filed in support of the city's motion, we must not only look to the face of the affidavit but, in this particular instance, must also examine the documents in the file which it incorporates, for it has long been established in this state that an affidavit may incorporate by reference other papers on file in the same action. (*Ligare* v. *California S.R.R. Co.*, 76 Cal. 610, 612 [18 P. 777]; *Wilson* v. *Berryman*, 5 Cal. 44 [63 Am.Dec. 78]; *Hall* v. *Superior Court*, 69 Cal. 79 [10 P. 257]; *Woodward* v. *Brown*, 119 Cal. 283 [51 P. 2, 542, 63 Am.St.Rep. 108]; *Ex parte Howitz*, 2 Cal.App. 752 [84 P. 229]; and *Westover*

v. *Bridgford,* 25 Cal.App. 548 [144 P. 313].) In these documents we find the key to the legal question posed.

 In the interrogatories proposed by the city pursuant to section 2030 of the Code of Civil Procedure, the following four questions were propounded:

(1) "State the right, title, or interest you own in the real property described in paragraph III of your Complaint on file in the above entitled action."

(2) "State the date on which you acquired the right, title, or interest you have described in answer to Interrogatory No. 1."

(3) "State how or from whom you have acquired the right, title, or interest you have described in answer to Interrogatory No. 1." and

(4) "State whether or not the right, title, or interest that you own in the property described in paragraph III of the Complaint is supported by any documents of title. If so, describe the documents and state who has custody of said documents at present."

The answer of plaintiff to the interrogatories is as follows: That he owns the real property described in paragraph III in fee simple; that he acquired this interest on May 29, 1914 from F. R. Bell and that his claim of title is supported by records in the office of the county clerk.

The city requested and received the following admissions pursuant to section 2033 of the Code of Civil Procedure: (1) That an instrument attached as an exhibit to the request for admissions which was executed by plaintiff on August 10, 1925, by which he granted all of his right, title and interest to the subject property was a genuine instrument; (2) that a further document entitled "Final Order of Condemnation" also attached as an exhibit to the request for admissions and which transferred title through condemnation from plaintiff to the city of Los Angeles is a genuine instrument; (3) that plaintiff is the F. P. Newport who executed the grant deed; (4) that plaintiff F. P. Newport is the same F. P. Newport who appeared as a defendant in the case culminating in the attached final order of condemnation; and (5) that neither plaintiff nor any privy had been seized or possessed of the real property within five years prior to the request. The grant deed attached as an exhibit to the request for admissions recites that F. P. Newport "does by these presents grant, convey, transfer, set over and assign unto the [City] all his right, title and interest in and to that certain real property described in said judgment and decree [the aforementioned Final Order

of Condemnation]." The final order of condemnation, also attached to the request for admissions as an exhibit, orders that the property in question be "condemned and taken for the public railroad use and purpose of constructing, completing and extending the Municipal Terminal Railroad of the City of Los Angeles at Los Angeles Harbor in said city . . . that Plaintiff, the City of Los Angeles . . . do take and have all the estate, right, title and interest of defendant F. P. Newport in and to the parcels of land above described, and the whole thereof, in fee simple" and, further, that the city "be and become the owner, in fee simple of the above described land and be let into possession thereof." It also appears from this order that plaintiff was paid the sum of $24,000 as compensation for the taking of the property in question by way of condemnation.

The foregoing questions, and the answers thereto made by a party to the action, along with the two described exhibits constitute the substantive portion of the city's affidavit in support of its motion. The affidavit attests to the existence of these writings in the file of the case.

It is too clear for argument that the purpose of the affidavit supporting a motion under this section is to present verified facts to the court which, if uncontradicted or unexplained by facts set forth in opposition thereto, will constitute sufficient grounds to allow the court to determine that no triable issue of fact exists. Unquestionably, the city's affidavit accomplishes this purpose. The writings incorporated in the affidavit set forth facts, *verified by the plaintiff,* which bar his cause of action. Such facts appear in the form of admissions against interest. Inasmuch as these admissions are verified by the party against whom they are to be used, and effectively foreclose plaintiff's cause of action in quiet title, it would seem to be immaterial that the deputy city attorney did not and could not attest to the truth of those statements. Plaintiff's verification and his failure to contradict by affidavit the facts stated in the incorporated admissions clearly fulfill the substantive requirements of section 437c. It appears, therefore, that the affidavit supporting city's motion was sufficient to sustain the judgment.

At this point it seems pertinent to examine the plaintiff's affidavit in opposition before proceeding with the further discussion of the points of error urged by plaintiff. It should be borne in mind that plaintiff's complaint stated a cause of action in quiet title. His affidavit, however, states in substance as follows: That the grant deed was executed by

plaintiff solely because of representations by the city that the land would be used only for railroad and harbor purposes; that the deed was required only to facilitate the condemnation proceedings; that he received no consideration for the execution of the deed other than the condemnation award; that he relied upon the city's representations and would not have conveyed title by grant deed for any except surface use of the land; that the city had never used the majority of the property for the stated purposes; that the land is now leased for the production of oil and gas and that the part so used has been abandoned for the purposes for which it was condemned. Further, he asked leave to amend to state these facts. It will be noted from an examination of plaintiff's affidavit that he does not deny executing the grant deed nor does he challenge the regularity or finality of the condemnation decree. As we will illustrate, the facts disclosed by the city's affidavit and the writings incorporated therein by reference effectively foreclose any cause of action available to plaintiff and it is obvious that his affidavit in opposition contains no facts offsetting the force and effect of the city's affidavit.

Plaintiff contends that a triable issue remained even though it were shown that he had conveyed fee simple title to the city by a grant deed, the same title having been acquired by the city through the condemnation decree. He argues that inasmuch as the city has failed to utilize the property for the purposes for which it was condemned and conveyed, the city has, in effect, abandoned the property and his title was thereby revived. In support of this contention he cites *Highland Realty Co.* v. *City of San Rafael,* 46 Cal.2d 669 [298 P.2d 15], and for the first time during oral argument cites Code of Civil Procedure, section 1239. This latter section provides that in condemnation proceedings fee simple title shall pass to the condemnor in any case where land is taken for "public buildings or grounds, or for permanent buildings, for reservoirs and dams, and permanent flooding occasioned thereby, or for an outlet for a flow, or a place for the deposit of debris or tailings of a mine, or for the protection of water bearing lands from drought therefrom of any character whatsoever from any adjacent lands." (Code Civ. Proc., § 1239, subd. 1.) The section further provides, in subsection (2), that the title inuring to the condemnor when land is taken for any other use shall be but an easement, "provided, however, that when the taking is by a municipal corporation, and is for the purpose of constructing, equipping, using, maintaining or op-

erating any . . . railroad, . . . a fee simple may be taken if the legislative body of such municipal corporation shall, by resolution, determine the taking thereof to be necessary. . . ." At this point it should be noted that the order of condemnation granted to the city of Los Angeles a fee simple title to the lands here in question. Although we are not referred to any resolution adopted by the Los Angeles City Council specifically determining that the taking of a fee simple was necessary to the public use intended, it is axiomatic that we must presume all the facts necessary to support the validity of the condemnation order, a final judgment. (*Harris* v. *Hensley,* 214 Cal. 420 [6 P.2d 253] ; *Estate of Bosse,* 185 Cal. 666 [200 P. 412].) We must, therefore, presume that a valid resolution in proper form was in fact adopted and that the final order of condemnation awarding fee simple title to the city was based thereon.

Inasmuch as the city acquired the fee in the real property here at issue the Highland Realty Co. case cited by plaintiff does not support his argument that title to the property reverted to him upon abandonment of its use for railroad purposes. That case involved title to property over which a railroad had been granted an easement for right of way purposes. The easement was acquired by the railroad by grant deed, which deed, however, followed the language of an ''order of possession'' made by a court during the pendency of condemnation proceedings instituted by the railroad. It was contended that the grant deed passed title in fee but the court held that the deed was executed simply to effectuate the order of possession and must therefore be construed as conveying only an easement. Upon abandonment of the easement by the railroad, title to the entire fee reverted to the grantor and his successors in interest. This case is, therefore, not in point nor does the case of *San Rafael Ranch Co.* v. *Ralph Rogers Co.,* 154 Cal. 76 [96 P. 1092], substantiate plaintiff's position. It, too, deals with an easement whereas in this case the city's ownership of the property is in fee simple.

The correct rule in this connection is established in *Lavine* v. *Jessup,* 161 Cal.App.2d 59, 66-68 [326 P.2d 238], in which the court held that property acquired by a public body in fee simple, which was originally intended to be used for one purpose, could legitimately and properly and within the scope of the broad discretionary powers granted to public bodies be put to some use other than that for which it was acquired. The same rule was established by this court in *Arechiga* v. *Housing Authority,* 159 Cal.App.2d 657 [324 P.2d

973], where we said at page 660: "Property acquired in fee simple by a public body for a particular public purpose may nevertheless be diverted to another use. . . . When the judgment in the condemnation case became final plaintiffs were divested of all interest in the property regardless of the purpose for which the property might later be used." See also *Ritzman* v. *City of Los Angeles,* 38 Cal.App.2d 470 [101 P.2d 541] ; *Reichelderfer* v. *Quinn,* 287 U.S. 315 [53 S.Ct. 177, 77 L.Ed. 331, 83 A.L.R. 1429]. ▮▮▮ Therefore, the fact that the city has utilized the property for something other than the original intended use creates no abandonment of the property, nor does it give rise to any cause of action in favor of the city's predecessors in interest.

▮▮▮ We come now to plaintiff's contention that he is not estopped to challenge the title of the city. He argues that estoppel is a question of fact requiring a trial on the merits. However true this may be as a general rule, it has no application here. This is a quiet title action and it is axiomatic that plaintiff's success in such an action depends upon the sufficiency of his own title. He must show that he has some interest, however small, in the property. (*Ernie* v. *Trinity Lutheran Church,* 51 Cal.2d 702, 706 [336 P.2d 525] ; *Denman* v. *Smith,* 14 Cal.2d 752, 758 [97 P.2d 451].)

We have heretofore determined that the city obtained fee simple title in the condemnation proceedings. Thus, by the terms of the final order of condemnation plaintiff lost all claim of title to the land adverse to that of the city. (Code Civ. Proc., § 1908.) It is clear, therefore, that the city's title to the land rests securely in the order of condemnation and does not depend in any sense upon the grant deed executed by plaintiff. Plaintiff does not challenge the validity of the order nor does he allege facts in his affidavit which might tend to show that the judgment was obtained by fraud. Rather, the assertions found in his affidavit go only to the purported fraud and misrepresentation practiced upon him by the city in order to obtain the grant deed. If all that was involved herein was the validity of the aforementioned deed it might very well be that plaintiff's affidavit raised a triable issue of fact and that he should have been allowed to amend his complaint to include allegations of fraud in its procurement. However, under the circumstances, since the city's title depends, not upon the deed, but upon the order of condemnation, no such issue could be raised and such amendment would be an idle act. Plaintiff could not by amending his complaint to in-

clude the facts stated in his affidavit show the slightest vestige of title in himself. There was, therefore, no error in refusing to allow him to amend his complaint.

It is clear, therefore, that the trial court was not required to utilize any theory of estoppel in determining that plaintiff had utterly failed to state facts in his affidavit giving rise to a triable issue. Proof of the facts stated could in no wise impeach the city's title under the decree of condemnation. There was, therefore, no triable issue of fact remaining before the trial court nor could the facts stated in the plaintiff's affidavit be utilized by him in an amended complaint in order to state a cause of action. The trial court properly granted the defendant's motion under section 437c of the Code of Civil Procedure, and properly refused plaintiff's request for leave to amend his complaint.

The judgment is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied September 22, 1960, and appellant's petition for a hearing by the Supreme Court was denied October 26, 1960.

*Assigned by Chairman of Judicial Council.