[Civ. No. 52650. Second Dist., Div. Two. Mar. 3, 1978.]

VERSA TECHNOLOGIES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
PERRY DEAN MOTSINGER, Real Party in Interest.

**COUNSEL**

Dolan & Davis and Robert E. Kelly, Jr., for Petitioner.

No appearance for Respondent.

James H. Davis and John M. Inferrera for Real Party in Interest.

## OPINION

**BEACH, J.**—Petition for writ of mandate to require respondent court to vacate its order denying petitioner's motion for summary judgment and to enter a new and different order granting said motion. We granted an alternative writ.

### FACTS:

Real party in interest, Perry Dean Motsinger, was injured by the alleged malfunction of a certain blow-molding machine and alleged that the malfunction was caused by, among other things, the defective operation of a certain cam-operated air valve. The valve bore the legend "VERSA," and was alleged to have been manufactured by petitioner, Versa Technologies, Inc.

Versa Technologies, Inc., filed a motion for summary judgment supported by the affidavit of its president to the effect that the valve in question had not been manufactured by Versa Technologies, Inc., of Racine County, Wisconsin. The declaration of Robert E. Kelly, Jr., Esq., counsel for Versa Technologies, Inc., alleged that the valve was easily identifiable as having been manufactured by Versa Products Company, of New Jersey.

The declaration of John M. Inferrera, Esq., one of the lawyers representing real party and plaintiff Motsinger, shows that he twice offered to enter a voluntary dismissal as to Mr. Kelly's client, once before the motion for summary judgment was heard, and again after Mr. Kelly's motion for summary judgment had been denied.

Mr. Inferrera filed no counteraffidavits in opposition to Mr. Kelly's motion. It is alleged that the motion was denied upon the ground that there was no showing that the photographs of the valve, upon which the president of Versa Technologies, Inc., based his affidavit, represented the actual product which allegedly caused the injury. Mr. Inferrera takes the position that he did not know whether the valve was identical to the one that allegedly caused the injury, while Mr. Kelly takes the position that it was represented to him to be similar to the valve that caused the injury and that he photographed the valve so represented at Mr. Inferrera's office.

DISCUSSION:

■ The purpose of a motion for summary judgment is to discover proof, to expedite litigation, and to provide for prompt disposition of actions where there is, in fact, no triable issue. (*Martin* v. *General Finance Co.,* 239 Cal.App.2d 438 [48 Cal.Rptr. 773]; *Bank of America, etc.* v. *Oil Well S. Co.,* 12 Cal.App.2d 265 [55 P.2d 885]; *Newport* v. *City of Los Angeles,* 184 Cal.App.2d 229 [7 Cal.Rptr. 497].)

■ Where, as in the present case, it is conceded by counsel for real party and plaintiff that he has named the wrong party, it is his duty to file a voluntary dismissal whether such dismissal is requested, agreed to, or not. ■ Presumably, as soon as the motion for summary judgment was filed, counsel for real party was put upon notice that he should determine whether Versa Technologies, Inc., was indeed the manufacturer of the valve in question. Since counsel for real party informs us under penalty of perjury that he offered to file a voluntary dismissal even after petitioner's motion had been denied, we must assume that he had made the determination that petitioner was not in fact, the manufacturer of the valve. Instead of filing a dismissal, however, he filed opposition to this petition.

It is true that, by means of interrogatories and requests for admissions, counsel for petitioner might have constructed an air-tight motion for summary judgment. It is also true that his motion is something less than artful. ■ We believe, however, that, where a question of identity of one of the parties is raised in the form of a motion for summary judgment, then the opposing party should be required, at the very least, to file a counteraffidavit under penalty of perjury setting forth the facts upon which he bases his good-faith belief that the party is the actual manufacturer of the product involved.

■ Some of the facts which are before us may not have been before the superior court possibly because the superior court took the position that no opposition was necessary. Surely if the superior court had known that counsel for real party was willing to file a voluntary dismissal, it would have granted the motion for summary judgment. It would seem that counsel have put the courts to a good deal of trouble merely to satisfy a clash of personalities.

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of December 22, 1977, denying petitioner's motion for

summary judgment, and enter a new and different order granting said motion.

Roth, P. J., and Fleming, J., concurred.