**Pablo and Virginia RODRIGUEZ, Plaintiffs,**

v.

**COUNTY LUMBER AND SUPPLY CO., INC. and Madison Bank & Trust Co., Defendants.**

No. 77 C 3997.

United States District Court, N. D. Illinois, E. D.

June 15, 1978.

Alan Barak, Fred L. Lieb and Roberta Strickler, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Zachary Saletan, Chicago, Ill., for County Lumber and Supply Co.

J. Hartigan, John M. Hillery, C. R. Farmer and John S. Carroll, Chicago, Ill., for Madison Bank & Trust Co.

## DECISION

McMILLEN, District Judge.

Defendants have filed a motion to dismiss the complaint on the ground that plaintiffs' attempt to rescind their contract was not made within the three year period required by 15 U.S.C. § 1635(f). The motion raises a second defense, failure of plaintiffs to allow defendants ten days to respond to plaintiffs' notice of rescission pursuant to 12 C.F.R. § 226.9(a), and defendants have also filed a motion for summary judgment. Since we find and conclude that the complaint should be dismissed on the basis of 15 U.S.C. § 1635(f), we need not rule on the remaining defenses raised by the defendants' motions.

Originally the Truth-in-Lending Act had no time limit for rescission. Section 1635(f) was added to the Act by an amendment of October 28, 1974. It provides as follows:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this part have not been delivered to the obligor.

The contract upon which plaintiffs base their complaint in this case was executed with defendant County Lumber and Supply Co., Inc. on July 5, 1972. Plaintiffs at-tempted to rescind it on October 14, 1977. If § 1635(f) constitutes an expiration of the right of rescission, as distinguished from a statute of limitation, then it was effective immediately as to any contracts then in existence. This was clearly the intention of Congress in enacting the section, and it was so construed in *Jamerson v. Miles*, 421 F.Supp. 107 (N.D.Tex.1976). With such an application, it does not constitute a statute of limitation within the holding of *Sohn v. Waterson*, 84 U.S. (17 Wall.) 596, 21 L.Ed. 737 (1873).

■ The case at bar involves a Federal statute which Congress can amend or repeal as it sees fit. Therefore, the limitation on enforcing the right of rescission, as was imposed by the Amendment of October 28, 1974, is merely an exercise of the legislative power of Congress. It does not violate Article 1, § 10 of the United States Constitution and is not a retroactive application of a statute of limitation. See *Ewing v. Risher*, 176 F.2d 641, 644 (10th Cir. 1949).

■ Since the language of § 1635(f) is reasonably clear and adds an expiration date to the right of rescission, we do not need to resort to other means of statutory construction. Plaintiffs' right of rescission expired on July 5, 1975, and their complaint must be dismissed. Count II, which is a pendent action, will fall along with the action under the Truth-in-Lending Act.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of the defendants to dismiss the complaint is granted, and it is dismissed.