760 F.2d 201
 John G. ASCHOFF and Rita M. Aschoff, husband and wife, Appellants,
v.
OSMOND STATE BANK; Mollie C. Adkins, Chairman; James C.
Stratton, President; Larry K. Rogers, Former Vice
President; Michael L. Steffen, Asst. Cashier; Marion J.
Adkisson, Vice President, Appellees.
 No. 84-1692.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 16, 1984.
Decided April 19, 1985.
 
 John and Rita Aschoff, Osmond, Neb., for appellants.
 Janet J. Brown, Sioux City, Iowa, for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 John and Rita Aschoff appeal the district court's[1] dismissal of their complaint for failure to state a claim. For reversal, the Aschoffs allege that their complaint stated violations of the Truth in Lending Act (Act), 15 U.S.C. Sec. 1601 et seq. (1982), by the Osmond State Bank (Osmond), and its employees.[2] For the reasons outlined below, we affirm.
 
 
 2
 From August 16, 1979 through May 19, 1983, the Aschoffs borrowed various sums from Osmond for the purpose of financing their farming operation. The loans were secured by livestock, farm products, equipment, and a certificate of deposit.
 
 
 3
 On April 20, 1984, the Aschoffs filed a complaint in the district court alleging that Osmond failed to comply with the general disclosure requirements of the Act, 15 U.S.C. Secs. 1601-06, 1631-32, and the right of rescission disclosure requirement of the Act, 15 U.S.C. Sec. 1635. The Aschoffs sought costs and damages, and in addition sought to compel rescission of the loans. On its own motion, the district court dismissed the action for failure to state a claim.
 
 
 4
 After carefully reviewing the record, we hold that the district court properly dismissed the complaint. The Aschoffs claimed that Osmond failed to comply with the Act's general disclosure requirements. However, action on all but three of these loans is barred by the Act's one year period of limitation. See 15 U.S.C. Sec. 1640(e). Moreover, the remaining three loans are exempt from coverage under section 1603(1) of the Act. Section 1603(1) exempts loans made primarily for agricultural purposes, and the record shows that the remaining three loans were for agricultural purposes.
 
 
 5
 The Aschoffs also claimed that Osmond failed to comply with the right of rescission disclosure requirement. The right of rescission, however, only applies to loans secured by the debtor's principal place of residence, 15 U.S.C. Sec. 1635(a), and the record shows that the Aschoffs' loans were secured by livestock, farm products, equipment, and a certificate of deposit.
 
 
 6
 The Aschoffs' complaint sets forth a variety of additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases for jurisdiction. We have carefully reviewed the complaint and agree with the district court that the additional claims are without merit. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 Many similar actions have recently been appealed to this Court. See K/O Ranch, Inc. v. Norwest Bank of the Black Hills, 748 F.2d 1246 (8th Cir.1984). We find the reasoning of this case applicable and controlling here