**Randall C. DAU, Plaintiff,**

**v.**

**FEDERAL LAND BANK OF OMAHA, Federal Land Bank Association of Sioux City-Cherokee, David Appleby and Charles R. Van Dike, Defendants.**

No. C 84–4167.

United States District Court,
N.D. Iowa, W.D.

Dec. 30, 1985.

Randall C. Dau, pro se.

William L. Edmonds, Sioux City, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The Court has before it defendants' motions to dismiss and motion for sanctions. Also before this Court is plaintiff's action for declaratory judgment, notice of rescission of past liens, lis pendens, and rescission default as well as plaintiff's motion for sanctions. A hearing was held on these matters in Sioux City, Iowa, at which plaintiff, proceeding pro se, and counsel for defendants were present. The Court grants defendants' motions to dismiss and denies all other motions.

This action arises out of a loan transaction between plaintiff and defendants. Generally, plaintiff claims that defendants violated several state and federal laws in their conduct toward plaintiff.

Since the Court is considering plaintiff's exhibits in the Court's determination of defendants' motion to dismiss, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. In deciding the motion to dismiss all of plaintiff's claims, the Court shall address the major claims separately.

I. 15 U.S.C. § 1601, *et seq.*

■ In several counts of his complaint, plaintiff claims that defendants violated various provisions of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, in their loan to plaintiff. Defendants respond by stating that the loan in question was for over $25,000 and for agricultural purposes, and, as such, was excluded under 15 U.S.C. § 1603. Additionally, defendants argue that plaintiff is barred from a remedy under the Truth in Lending Act because of the applicable statute of limitations. 15 U.S.C. §§ 1635, 1640.

This Court has reviewed the loan and mortgage agreements, balance statements, as well as loan remittance statement attached to plaintiff's complaint. The loan made by defendants was for over $25,000 and was apparently for agricultural purposes, which would exempt it from the provisions of the Truth in Lending Act. *Tarter v. Norwest Bank of Black Hills,* 754 F.2d 377, (8th Cir.1984); *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246, 1248 (8th Cir.1984). Yet, this Court does not have to reach such a determination, because it is apparent to this Court that the Act's statute of limitations bars any recovery. Any action may be brought in a district court within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The one-year limitation period commences when credit is extended through the consummation of the transaction without the proper disclosure and not when the loan matures. *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d at 1250; *Dryden v. Lou Budke's Arrow Finance Co.,* 630 F.2d 641, 646 (8th Cir.1980). In reviewing plaintiff's exhibit, this Court cannot find an agreement dated after September 19, 1983. Thus, since plaintiff filed this action on September 19, 1984 and there was no loan transaction consummated within a year prior to that date, this Court finds plaintiff barred in bringing an action against defendants for damages under the Truth in Lending Act.

■ With respect to plaintiff's argument that he had a right under the Act to rescind the loans under § 1635 of the Act, the Court notes that this section provides a right of rescission as to consumer-credit transactions in which the security interest is the consumer's principal place of resi-

dence. 15 U.S.C. § 1635(a). Even if the mortgage which secures part of the loan involves plaintiff's current or intended place of residence, the plaintiff is still not able to rescind, because this Court finds him time-barred. The Act provides for right of rescission which shall expire three years after the consummation of the transaction or upon the sale of the property, whichever occurs earlier. 15 U.S.C. § 1635(f). The consummation of a transaction is when the consumer becomes contractually obligated on a credit transaction. *See* 12 C.F.R. § 226.2(a)(13) (1984); *K/O Ranch, Inc. v. Norwest Bank of Black Hills*, 748 F.2d at 1248; *Rodriguez v. County Lumber and Supply Co.*, 460 F.Supp. 810 (N.D.Ill.1978). The mortgage in the action before this Court was executed on June 28, 1977. The statute commenced to run that day and not at any other time. Since it was not executed within three years before September 19, 1984, plaintiff is therefore time-barred from seeking rescission of his mortgage under the Truth in Lending Act. The Court notes that even if plaintiff's claim was not barred because of the running of the statute of limitations, a prerequisite to the rescission remedy under § 1635 is that the plaintiff must return any value received from the creditors once the creditors have performed their obligation under the statute. Section 1635(b). This Court therefore dismisses plaintiff's claims under 15 U.S.C. § 1601, *et seq.*

II. 15 U.S.C. § 77a, *et seq.*, and 15 U.S.C. § 78a, *et seq.*

■ Plaintiff further alleges that defendants have violated the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* The Federal Land Bank Association stock, which is the only stock at issue in this case, is clearly exempt under the Securities Act of 1933, by 15 U.S.C. § 77c(a)(2), which states:

The provisions of this sub-chapter shall not apply to any of the following classes of security ... (2) any security issued ... by any person controlled or super-

vised by and acting as an *instrumentality* of the United States pursuant to authority granted by the Congress of the United States. (Emphasis added).

At the hearing, plaintiff argued that the defendants were private corporations and not an instrumentality of the United States. The Court is not persuaded by that argument. *See generally Kicken v. Valentine Production Credit Association*, No. 84–L–374, slip op. at 1 (D.Neb. June 6, 1984). Therefore, the Court finds plaintiff's claims under 15 U.S.C. § 77a, *et seq.*, should be dismissed.

With respect to plaintiff's claims under the Securities Exchange Act of 1934, the Court finds that the stock at issue does not meet the test set out in *United Housing Foundation v. Foreman*, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975). In that case, the Supreme Court found it important that a security be negotiable, able to be pledged or hypothecated, as well as be able to appreciate in value. Under 12 U.S.C. § 2034, stock in the Federal Land Bank is owned only by the borrowers. Stock is returned to the bank upon full repayment of a loan, but at no greater value than the par value. Furthermore, while the stock issued by an association may be voting or nonvoting, 12 U.S.C. § 2034(b), each holder of voting stock is entitled to only one vote. Also, the number of shares held, is determined by the amount of the loan. Finally, the stock is not negotiable in a market place since there is a requirement that it be pledged to the Federal Land Bank loan. 12 U.S.C. § 2054. Since this Court finds that plaintiff's complaint concerns neither investment companies nor securities, it concludes that the Securities Exchange Act of 1934 does not apply. *See Kicken v. Valentine Production Credit Association*, No. 84–L–374, slip op. at 1. Therefore, the Court dismisses that part of plaintiff's complaint.

III. 15 U.S.C. § 77aaa.

■ Plaintiff claims defendants violated the Federal Indenture Act of 1939. 15 U.S.C. § 77aaa. However, where stock is

exempt under the Securities Act of 1933, as this Court has found, it is also exempt under the Federal Indenture Act. 15 U.S.C. § 77ddd(a)(4)(A). The Court therefore dismisses that part of the claim.

### IV. 15 U.S.C. § 79z.

■ Plaintiff's complaint contains an allegation that the Public Utility Holding Company Act has been violated by defendants. None of the defendants have ever been a public utility holding company. Furthermore, the Act does not apply to any instrumentality of the United States, 15 U.S.C. § 79b(c). As already stated, this Court has found Defendant Federal Land Bank to be such an instrumentality.

### V. Iowa Code § 502.201.

■ Plaintiff claims that defendants violated the Iowa Blue Sky Law, which requires registration of securities. Iowa Code § 502.201 (1985). Iowa Code § 502.-202(1) contains exemptions pertinent to the defendants' stock since the Court deems defendants to be an instrumentality of the United States. It therefore dismisses plaintiff's claim based on the Iowa Blue Sky Law.

### VI. 12 U.S.C. § 2601, *et seq.*

■ Plaintiff's complaint alleges that there is jurisdiction under the Federal Real Estate Procedure Act. 12 U.S.C. § 2601, *et seq.* However, he has not alleged any violation of the statute. Even if he had, his claim would still fail. First, there is no allegation that any of the loan was used to finance the purchase or transfer of legal title of real property, 24 C.F.R. § 3500.-5(d)(2). Second, regulation X, part 3500, the "Real Estate Settlement Procedures" regulations, § 3500.5(d)(1), exempts the transaction which is the subject of this lawsuit based upon a 25-acre maximum limitation. The Court therefore finds that plaintiff has no claim under the Real Estate Settlement Procedure Act and therefore dismisses it.

### VII. 42 U.S.C., Chapter 21.

Plaintiff also argues that defendants violated his civil rights. Plaintiff cites 42 U.S.C. § 21 in support of his argument. Since the section cited by plaintiff was repealed in 1944, this Court dismissed plaintiff's claim based on that section.

### VIII. Fiduciary Duty.

Plaintiff alleges violation of fiduciary duty to him by defendants because of the acceleration letter. Plaintiff has made no showing supporting such fiduciary relationship under state or federal law. The Court finds no statement of facts or claim adduced which would grant federal question jurisdiction under federal common law with regard to fiduciary capacity. *See Boyster v. Roden,* 628 F.2d 1121 (8th Cir.1980). As a result, the Court dismisses plaintiff's claim of breach of fiduciary duty.

### IX. Ultra Vires.

Plaintiff claims defendants are ultra vires, but fails to show how or on what grounds. Acts, not persons, can only be ultra vires. Such allegations are broad, vague, conclusory and insufficient to state a claim upon which relief may be granted. Therefore, the Court dismisses that part of plaintiff's complaint.

### X. Other Statutory Provisions.

Plaintiff asserts this Court has jurisdiction over this matter pursuant to several other federal statutory sections. The Court has reviewed these sections and has found them to be inapplicable to the case at bar.

In finding that plaintiff has no cause of action against the defendants, the Court is not being unsympathetic to plaintiff's problems. Nevertheless, by bringing an action such as the one at bar, the Court has no choice but to follow the several cases similar to this one and to dismiss it.

The Court finds that all other motions by the parties should be denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be granted and this case is hereby dismissed.

IT IS FURTHER ORDERED that defendants' motion for sanctions is denied.

IT IS FURTHER ORDERED that plaintiff's motions be denied.