The **FEDERAL LAND BANK OF SAINT PAUL**, a corporation, Plaintiff and Appellee,

v.

Connley M. **ANDERSON**, Defendant and Appellant,

v.

Charlotte M. **ANDERSON**; The United States of America; the Production Credit Association of Grand Forks, a corporation; and all other persons unknown, claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants,

v.

**FEDERAL LAND BANK ASSOCIATION OF GRAND FORKS**, Third-Party Defendant.

Civ. No. 11298.

Supreme Court of North Dakota.

March 2, 1987.

Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for plaintiff and appellee, and third-party defendant; argued by Theodore M. Camrud.

Connley M. Anderson, pro se.

ERICKSTAD, Chief Justice.

Connley M. Anderson, appearing pro se, appeals from a summary judgment which granted the Federal Land Bank of Saint Paul (FLB) foreclosure of its mortgage on Anderson's farmland, dismissed Anderson's counterclaim against FLB, and cancelled two notices of lis pendens filed by Anderson. We affirm.

On April 3, 1978, Connley and Charlotte Anderson executed a promissory note to FLB in the principal sum of $125,000. The note was secured by a mortgage covering 720 acres of farmland. The loan was reamortized pursuant to an agreement between the parties during June 1983.

■ The Andersons failed to make the December 1, 1984 payment, and during March 1985, FLB served a notice of intention to foreclose the mortgage. The foreclosure action was commenced during May 1985. The Andersons submitted an answer

and counterclaim against FLB seeking $2,500,000 in actual and punitive damages. FLB subsequently moved for summary judgment, which the court granted in June 1986.[1] Anderson claims that summary judgment was inappropriate because material factual issues remain unresolved.

■ Summary judgment is appropriate when there is no dispute as to material facts, or when, although factual disputes exist between the parties, the law is such that resolution of the factual disputes will not change the result. *Russell v. Bank of Kirkwood Plaza,* 386 N.W.2d 892, 897 (N.D.1986). While the party moving for summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely on his pleadings, but has the responsibility of presenting competent evidence by affidavit or other comparable means which raises a material factual issue. *Gowin v. Hazen Memorial Hosp. Ass'n,* 349 N.W.2d 4, 9 (N.D.1984).

■ Anderson asserts that FLB provided an insufficient affidavit of proof to support its motion for summary judgment because the affidavit does not establish that he was in default on the note and mortgage. Although it is not stated on the face of the affidavit that the Andersons were in default, the affidavit states that "[a]ttached hereto and made a part hereof are the following marked as Exhibits, ... Exhibit 'E'—a photocopy of the original Notice Before Foreclosure showing Proof of Service by mail." The attached Notice Before Foreclosure specifically states that "DEFAULT HAS BEEN MADE UPON SAID MORTGAGE," and sets forth the delinquent installment payment and total

1. Defendant United States of America stipulated to entry of judgment by default. Defendant Production Credit Association of Grand Forks (PCA) did not answer the complaint and was therefore adjudged in default. Although the Federal Land Bank Association of Grand Forks was joined as a third-party defendant pursuant to Anderson's request, the record does not reflect that a third-party complaint was served upon the Association.

Anderson also filed a cross-claim against PCA. PCA filed an answer, but from our review of the record the cross-claim appears to be unresolved at this time. In its findings, conclusions, and order for judgment, however, the court determined that Anderson "has already enjoyed the benefit of a long delay in the resolution of this matter and further delay would not be in the best interests of the litigants." Under the circumstances, we deem the court's determination sufficient to satisfy the requirements of Rule 54(b), N.D.R.Civ.P.

amount in default as of March 1985. It is generally recognized that an affidavit may incorporate by reference other papers on file in the same action. *See Newport v. City of Los Angeles*, 184 Cal.App.2d 229, 7 Cal.Rptr. 497, 501 (1960), and cases cited therein; 2A C.J.S. *Affidavits* § 52 (1972). FLB's affidavit of proof which incorporated by reference the Notice Before Foreclosure was therefore sufficient to establish that the Andersons were in default on the mortgage.

Anderson also asserts that the affidavit was defective because it was not signed by the loan officer with whom he had personally dealt in regard to the loan transaction. The affidavit was signed by Jerry Simenson as "an authorized official of the Plaintiff" and "upon his information and belief." Under his signature on the affidavit, Simenson is identified as "Branch Manager" of the Federal Land Bank Association of Grand Forks, through which the FLB loan was made. *See* 12 U.S.C. § 2020 ["The Federal land banks shall ... make loans through a Federal land bank association serving the territory in which the real estate offered by the applicant is located."]. Affidavits on behalf of corporations may be made by any duly authorized officer or agent having knowledge of the facts verified. *See In re Ben Weiss Co.*, 271 F.2d 234, 235 (7th Cir.1959); 2A C.J.S. *Affidavits* § 12 (1972). We therefore conclude that the affidavit was not defective.

Anderson asserts that summary judgment was inappropriate because he has adequately raised the confiscatory price defense. *See* §§ 28–29–04, 28–29–05, and 28–29–06, N.D.C.C. Anderson first mentioned the confiscatory price defense in his brief in opposition to FLB's motion for summary

judgment. In the brief Anderson asserts that he "hereby claims confiscatory price defense herein," cites *Heidt v. State*, 372 N.W.2d 857 (N.D.1985), and *Folmer v. State*, 346 N.W.2d 731 (N.D.1984), and contends that the summary judgment motion should therefore be denied. Anderson has not by affidavit or other means set forth in detail any facts to support the defense. Anderson's conclusory allegations in his brief to the district court are clearly insufficient to raise a material factual issue concerning the confiscatory price defense. *See Federal Land Bank of St. Paul v. Bagge*, 394 N.W.2d 694, 696 (N.D.1986); *compare Federal Land Bank of St. Paul v. Halverson*, 392 N.W.2d 77, 81 (N.D. 1986).

With respect to Anderson's counterclaim,[2] he asserts that FLB was unjustly enriched because it pledged his mortgage as collateral for farm credit bonds sold to investors and, rather than passing the benefits on to its member/borrowers, the FLB has retained the benefits for its own use. Under 12 U.S.C. § 2012(10), FLB is authorized to issue the bonds objected to by Anderson. While pursuant to 12 U.S.C. § 2015, a primary objective of FLB in setting interest rates and charges is "to provide the types of credit needed by eligible borrowers at the lowest reasonable costs on a sound business basis ...", Anderson's bald assertion that the federal land banks are "out to make money for themselves" is insufficient to raise a material factual question on his unjust enrichment defense.

Anderson contends there was a failure of consideration and a lack of "free consent" in entering into the loan agreement. It is undisputed, however, that FLB

---

**2.** FLB contends that the doctrine of res judicata bars the assertion of Anderson's counterclaim issues because they were previously raised in a 1984 federal district court action Anderson brought against the Federal Land Bank Association of Grand Forks and two of its employees, Barry Hanson and Joann Kudelka. The federal district court dismissed Anderson's action on the ground that the complaint failed to state a claim upon which relief could be granted.

The district court in the present case stated in its memorandum decision that "[m]any of these matters have already been either ruled upon by this Court previously or by the Federal District Court," but "concur[red]" in the federal district court's decision and ruled that "Anderson's assertions in his Answer and Counterclaim are totally without merit." Because it does not appear that the district court based its decision on the doctrine of res judicata, we will decline to address the issue in this case.

parted with $125,000 and that Anderson received the loan proceeds. Thus, "the defense of lack of consideration is of no merit." *First State Bank of Buxton v. Thykeson*, 361 N.W.2d 613, 617 (N.D.1985). Furthermore, Anderson has not asserted that he entered into the original promissory note and mortgage under duress, menace, fraud, undue influence, or mistake, *see* § 9–03–03, N.D.C.C., and he has not alleged any factual circumstances which would render his consent to entering into the reamortization agreement invalid. *See Production Credit Association of Minot v. Geving*, 218 N.W.2d 185, 195–196 (N.D. 1974).

Anderson next claims that FLB's failure to register as a foreign corporation in this state renders the foreclosure invalid. However, we have specifically held that FLB, as a federally chartered corporation, is not subject to the registration requirements of Chapter 10–22, N.D.C.C. *See Federal Land Bank of Saint Paul v. Gefroh*, 390 N.W.2d 46, 47 (N.D.1986).

Anderson also asserts that "stock fraud" occurred in this case because he was "forced" to purchase stock from FLB as a condition of obtaining the loan. Federal law requires borrowers to purchase stock in a federal land bank association in order to obtain an FLB loan. *See* 12 U.S.C. §§ 2016 and 2034. Anderson contends that this requirement violates certain provisions of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.* However, the Securities Exchange Act of 1934 does not apply to FLB stock issued under 12 U.S.C. § 2034. *See Dau v. Federal Land Bank of Omaha*, 627 F.Supp. 346, 348 (N.D.Iowa 1985).

Anderson also asserts that FLB violated provisions of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, governing disclosure and right of rescission. At the time the promissory note and mortgage

were executed, 15 U.S.C. § 1603(5) provided that the Act does not apply to "[c]redit transactions primarily for agricultural purposes in which the total amount to be financed exceeds $25,000." [3] The amount of the loan in this case exceeds $25,000 and Anderson has not asserted that the loan was for anything other than agricultural purposes. The Truth in Lending Act is therefore inapplicable. *See Aschoff v. Osmond State Bank*, 760 F.2d 201, 202 (8th Cir.1985); *K/O Ranch, Inc. v. Norwest Bank of Black Hills*, 748 F.2d 1246, 1248 (8th Cir.1984).

We conclude that there are no disputes as to material facts in this case, and that resolution of the factual disputes that do exist would not change the legal result. Accordingly, the summary judgment is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**3.** Effective October 1, 1982, 15 U.S.C. § 1603 was amended and subsection 5 was deleted from its provisions. The current provision provides in part that the Act does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations." 15 U.S.C. § 1603(1).