Eloise WILLIAMSON,
Plaintiff-Appellant,

v.

W.E. LAFFERTY, d/b/a Cardinal Builders, and FNBC Acceptance Corp., an Alabama corporation, Defendants-Appellees.

No. 82–4063
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1983.

Suzanne Griggins, Central MS Legal Service, Mendenhall, Miss., for plaintiff-appellant.

Norman B. Gillis, III, McComb, Miss., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In this Truth in Lending action, the uncontrovertible facts, conceded by the defendants in brief, show a violation of the statute. We, therefore, reverse the district court's judgment denying the borrower both the right to rescind the transaction and statutory damages.

As the record shows and the defendant admits, Eloise Williamson, a divorced 43-year-old mother of seven children, three of whom she still supports with her earnings as a cook, owned a home in Mendenhall, Mississippi. The property was mortgaged under a deed of trust to Finance America Corporation. An agent of Cardinal Builders, a trade name of co-defendant W.E. Lafferty, called on Mrs. Williamson to solicit a contract to add a carport to, and to extend one room of her home. After several meetings, the agent returned with Lafferty, bringing at least four documents.

The first of these documents was a completely blank deed of trust. The second was the right of rescission notice required by the Truth in Lending Act, 15 U.S.C. § 1635(a) (Supp. V 1981) (TILA). This form contained a blank for insertion of the date of the third business day after its execution, the date until which the borrower can rescind. That blank was not completed.

The third and fourth documents Mrs. Williamson signed were a contract and a separate disclosure statement. Each of these stated her address, described the work to be done, and itemized the cost of services and credit. In fine print, the disclosure form also stated:

> Buyer grants Seller a purchase money security interest in the goods and services being purchased and a Deed of Trust security interest in the property where improvements will be located and a Deed of Trust security in any other property offered as security, and described on the attached Deed of Trust, receipt of a copy of which Deed of Trust is hereby acknowledged by Buyer. To further secure this contract Buyer waives to the extent allowed by law, the homestead exemption. Buyer grants Seller a security interest in insurance proceeds, and any unearned insurance premiums.

Mrs. Williamson signed all of the papers. Lafferty later completed the deed of trust form by inserting the description of Mrs. Williamson's property, and had the document notarized. He then assigned the deed of trust to FNBC Acceptance Corporation.[1]

■ Under § 1635(a) of the TILA, failure properly to complete the right to rescission form automatically violates the Act, without reference to the materiality standard discussed *infra,* extending the rescission period until three days after the disclosures are correctly made.[2] Because the disclosures were never correctly made in this case, the rescission period runs for three years. *Id.* § 1635(f). The applicable regulation makes clear that failure to fill in the expiration date of the rescission form is a violation of the TILA. *See* 12 C.F.R. § 226.9(b) (1982) (creditor *shall* complete re-

---

1. Because the issues raised by these facts enable us to resolve the appeal we do not discuss the other issues raised: whether Lafferty was the sole owner of Cardinal Builders and, if not, whether the nondisclosure of his partners' names was material; and whether the contract violated the TILA by reciting that the borrower waived her Mississippi homestead and personal property exemptions.

2. The statute reads:
   Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwell-

ing of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the *delivery of the information and rescission forms required under this section* together with a statement containing the material disclosures required under this subchapter, whichever is later .... The creditor shall clearly and conspicuously disclose, in accordance with the regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section ....
15 U.S.C. § 1635(a) (Supp. V 1981) (emphasis added).

scission form *including* date by which customer may give notice of rescission) (emphasis added).[3] Based on the uncontroverted facts, therefore, Mrs. Williamson retained the right to rescind the transaction.

▪ Furthermore, Cardinal committed a second violation. Regulation Z requires that property in which a security interest is taken be clearly identified. 12 C.F.R. § 226.8(b) (1982). The creditor must describe or identify "any security interest held or to be retained or acquired by the creditor in connection with the extension of credit" and must clearly identify "the property to which the security interest relates...." *Id.* § 226.8(b)(5).

Neither Lafferty, nor, later, FNBC, complied with this regulation. Mrs. Williamson was, therefore, not adequately apprised, at the time of the transaction, of the extent of the security interest she was transferring to appellee creditors. The disclosure statement mentions only a "Deed of Trust security interest in the property where improvements will be located." The form did not disclose the extent of Mrs. Williamson's real property subject to the deed of trust, and it did not indicate that Cardinal Builders' deed of trust would be independent of Finance America's pre-existing deed. Mrs. Williamson never received a copy of the deed of trust after Lafferty had filled it in and had it notarized.

The regulation requires the creditor to specify the exact extent of the lien in the disclosure statement or in the note or other instrument evidencing the obligation; a blank form cannot satisfy the statute's purpose to "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit ... practices." TILA, 15 U.S.C. § 1601 (1976). The disclosure statement did not identify the property at all. The other blank form Williamson

furnished was a preprinted form that would become legally operative only when correctly filled out and signed by the debtor-mortgagor. Absent a description of the land, the form is a legal nullity; with the addition of a precise description of the secured property, the form attains legal viability as a deed of trust. The creditors, therefore, violated TILA's express purpose and the requirements of Regulation Z. *See* 12 C.F.R. § 226.8(b)(5).

Failure properly to complete the rescission form extends the rescission period until full disclosure is made. *See supra* text accompanying note 2. Furthermore, other nondisclosures, if material, similarly extend the period for rescission. *Bustamante v. First Federal Savings & Loan Ass'n,* 619 F.2d 360, 362–64 (5th Cir.1980); 12 C.F.R. § 226.9(a). There can be no doubt that the failures to disclose completely the security interest and to specify the property subject to the lien were material. In *Bustamante,* we considered the meaning of materiality. A "material disclosure ... relates to information that would affect the credit shopper's decision to utilize the credit." 619 F.2d at 364. The granting of a deed of trust in one's home as security is a critical factor in a consumer credit transaction. Mrs. Williamson testified that, had she realized that the home improvement deal required the granting of a second deed of trust on the property, she would not have signed the contract. At the trial, the district judge stated:

> [I]f ever I heard of anything that sounded fraudulent to me, it does, this particular case. I think your people defrauded this woman, if you want my reaction to it.

The correct assessment of materiality, however, requires inquiry not into Mrs. Williamson's actual state of mind, but rather into that of a reasonable consumer.[4] *Smith*

---

3. Cardinal argues that Mrs. Williamson could have calculated the expiration period herself because the date of the transaction was provided. But the precise purpose of requiring the creditor to fill in the date is to prevent the customer from having to calculate three business days: "A business day is any calendar day

except Sunday and those legal public holidays specified in section 6103(a) of title 5 of the United States Code...." 12 C.F.R. § 226.9 n. 14 (1982).

4. Thus, we need not decide whether the district judge's finding that Mrs. Williamson "failed to show [the district] court ... that there was ...

*v. Chapman,* 614 F.2d 968, 971 (5th Cir. 1980); *accord Bustamante,* 619 F.2d at 364. The nondisclosure "need not be so important that a reasonable consumer would probably change creditors. However, the information must be of some significance to a reasonable consumer *under the circumstances* in his 'comparison shopping' for credit." *Davis v. Federal Deposit Insurance Corp.,* 620 F.2d 489, 492 (5th Cir.1980) (quoting *Ivey v. H.U.D.,* 428 F.Supp. 1337, 1343 (N.D.Ga.1977), *aff'd mem.,* 607 F.2d 1004 (5th Cir.1979)) (emphasis added). There is no doubt that, when Mrs. Williamson was presented with a blank deed of trust form, material facts remained undisclosed.

In *Jones v. Fitch,* 665 F.2d 586, 589–90 (5th Cir.1982), we held that an inadequate description of real property in a disclosure statement did not constitute a material nondisclosure affording TILA rescission rights. The disclosure statement in *Jones* stated: "This Loan is also secured by a Deed of Trust on real property identified as follows: _____. [Nothing was inserted in the blank space provided in the form]." *Id.* at 588. The property was, however, fully described in the deed of trust. We found in *Jones* that, "[T]he deed of trust was executed as a part of the single transaction and *there is no suggestion that petitioners did not know of the security interest being taken in their home."* Therefore, *"in such circumstances"* we said, the omission of the description of the property from the disclosure statement did not "significantly" alter "the total mix of information made available." *Id.* at 589 (emphases added). Here, the disclosure statement did not describe the property and in addition the deed of trust Mrs. Williamson executed was itself blank. Unlike *Jones,* nothing in the "single transaction" put this consumer on notice that a security interest was being taken in her home.

We do not sanctify TILA by demanding unyielding compliance with detail. Full

any irregularity anywhere to be found in the execution of these instruments ...." is clearly

and honest disclosure, not punctilious observation, is exacted. Here, however, the violations were substantial, the transaction defied the purpose of the TILA, and, therefore, rescission is the debtor's right. Because of the multiple violations, Mrs. Williamson is also entitled to the maximum statutory damages of $1,000.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.