**Earnest MALONE, Plaintiff-Appellee,**

**v.**

**SAFETY–GUARD MFG. CO., INC., Defendant-Appellant.**

**No. 84–4123.**

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1984.

Charles H. Ramberg, Jackson, Miss., for defendant-appellant.

Gilbert & Powell, Barry H. Powell, Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, WISDOM, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Safety-Guard appeals the district court's order granting summary judgment on plaintiff's motion seeking contract recission pursuant to the Truth in Lending Act, 15 U.S.C. § 1635. We vacate and remand.

I

Safety-Guard is a Mississippi corporation that sells and installs burglar bars on credit. On May 25, 1981 it sold burglar bars to plaintiff Malone and subsequently installed the bars in Malone's home. Malone executed a note to Safety-Guard to pay for these bars over seventy-two months. He also executed a deed of trust pledging his home as security for the debt. The transaction was subject to the Truth in Lending Act, 15 U.S.C. §§ 1601–1666 (Act).

In May of 1981 creditors had the option of complying with the terms and accompanying regulation, Regulation Z, of either the original Truth in Lending Act or the amended version, the Truth in Lending Simplification and Reform Act, passed in 1980. Safety-Guard chose to comply with the original Act and its accompanying regulations in completing this transaction. As required by the Act, Safety-Guard gave Malone a disclosure statement and a notice of recission. The disclosure statement was defective, however, in that it disclosed only the deed of trust and did not also inform Malone that a statutory construction lien would arise against his property, Miss.Code

Ann. § 85–7–131, when the bars were installed. Such disclosure was compulsory according to the regulations promulgated under the original Act. 12 C.F.R. § 226.-2(gg).

Safety-Guard sent Malone an amended disclosure statement in April of 1982, but this statement also failed to disclose the existence of the construction lien. Malone's first notice of the lien came in June of 1983 when he received a letter stating that Safety-Guard was cancelling the deed of trust, but was recording a construction lien in its place. Safety-Guard cancelled the deed to comply with its agreement with the Consumer Protection Division of the Office of the Attorney General of Mississippi.

On August 15, 1983 Malone delivered to Safety-Guard written notice of his decision to rescind the transaction. He made no further payments on the outstanding balance of $2,578.48. He filed a Truth in Lending penalty action against Safety-Guard, but later amended his complaint to delete the penalty claim, replacing it with a claim for recission. Safety-Guard counterclaimed for the unpaid balance of the note and the 25% collection attorney's fees provided by the note.

Both parties moved for summary judgment after completing discovery. The district court ruled that Safety-Guard's failure to disclose the construction lien was a material breach of the original Act, which Safety-Guard had chosen to govern this transaction. Therefore he granted plaintiff's summary judgment motion for recission under section 1635 of the Act and awarded attorney's fees to Malone. Safety-Guard was awarded the outstanding principal balance from the original note, but was barred from collecting the interest or finance charges provided by its terms. Safety-Guard also received the collection attorney's fee of 25% of the outstanding principal as defined in the note.

## II

Safety-Guard raises three arguments on appeal: (1) the omission of the construction lien from the loan disclosure statement was not a material nondisclosure as is required for recission under section 1635; (2) the amended disclosure statement sent in April of 1982 effectively transferred the transaction from the governance of the original act and Regulation Z to the simplified Act and Regulation, which, under 12 C.F.R. § 226.2(a)(25) does not require the disclosure of a construction lien; and (3) the June 3 letter notifying Malone of the cancellation of the deed and the recordation of the lien constituted adequate notice of the lien's existence so that Malone's right to rescind expired three days after receipt of the letter.

We find that the failure to disclose the construction lien was not a material breach of the Act. Therefore recission under section 1635 was unavailable. Our conclusion obviates the need to examine Safety-Guard's two remaining contentions.

## III

■ Indisputably, Safety-Guard's failure to disclose the construction lien violated the Act and rendered Safety-Guard liable for civil penalties under section 1640. However, the recission remedy provided by section 1635 is available only if the creditor failed to disclose material information. Not every technical violation of the disclosure regulations meets this requirement of materiality. *Davis v. Federal Deposit Insurance Corp.*, 620 F.2d 489, 492 (5th Cir. 1980). The Truth in Lending Act was intended to enable consumers to compare alternative sources of credit so as to secure the most favorable credit terms. 15 U.S.C. § 1601; *Smith v. Chapman*, 614 F.2d 968, 971 (5th Cir.1980). Therefore, in order to be material, the information not disclosed "must be of some significance to a reasonable consumer *under the circumstances* in his 'comparison shopping' for credit," although it "need not be so important that a reasonable consumer would probably change creditors." *Williamson v. Lafferty*, 698 F.2d 767, 770 (5th Cir.1983) (quoting *Davis*, 620 F.2d at 492). This standard must be applied in an objective fashion.

The outcome of a particular case cannot be determined by the reactions of the individual consumer. *Bustamante v. First Federal Savings and Loan Association,* 619 F.2d 360, 364 (5th Cir.1980).

 In this case disclosure of the construction lien would not have been significant to Malone in his credit shopping. Malone admits that Safety-Guard fully disclosed that the debt was secured by the deed of trust on his house. He was fully informed that if he defaulted on the note, Safety-Guard would foreclose on his residence and sell it at auction. The consequences of default under the construction lien are essentially the same: foreclosure and auction of the home. Thus this case is dramatically different from cases such as *Williamson v. Lafferty,* 698 F.2d at 770, where recission was justified because there was nothing in the disclosure statement to put the debtor on notice that a security interest was being taken in the home.

Here Malone had full knowledge that his home stood as security for this debt. Safety-Guard simply failed to disclose the existence of an additional, substantially coextensive lien created by law. A reasonable consumer who willingly and with full knowledge pledged his house as security for his debt would not have found the existence of this additional lien of equal dimensions significant in deciding whether to use the proffered credit. *See Bustamante,* 619 F.2d at 363.

 The only difference plaintiff cites between the fully disclosed deed of trust and the undisclosed construction lien is that Mississippi law provides that a debtor can halt foreclosure under a deed of trust by meeting all past due payments plus attorney's fees and expenses, Miss.Code Ann. § 89-1-59, while foreclosure under a statutory lien can be halted only by full repayment. *See* Miss.Code Ann. §§ 85-7-131, 85-7-141. Under the circumstances of this case which involves a lien for a relatively small amount compared to the value of the security affected, this technical difference is not one that a reasonable consumer would view as significantly altering the total mix of information available. Therefore the failure to disclose the statutory construction lien was not a material nondisclosure. *Davis,* 620 F.2d at 492.

Plaintiff contends that his claim of materiality is supported by *Gerasta v. Hibernia National Bank,* 411 F.Supp. 176, 187–88 (E.D.La.1976), *aff'd in part and rev. and remanded in part,* 575 F.2d 580 (5th Cir. 1978). His reliance is misplaced. In *Gerasta* the district court granted recission after finding three violations of the Act: (1) failure to disclose the possible existence of a materialman's lien; (2) failure to notify one plaintiff of her right to rescind; and (3) the misstatement of the date on which plaintiffs' right of recission expired. The district court did not specifically address the materiality of the failure to disclose the possible materialman's lien. Although this court affirmed the findings of the district court, we did not reach the issue of materiality with regard to this specific violation. We ruled that disclosure of the lien was unnecessary because it ran in favor of a noncreditor contractor. 575 F.2d at 585.

## IV

The order of summary judgment is vacated. Our holding is limited to the conclusion that the failure to disclose the construction lien was not material because a substantially coextensive lien under the deed of trust was fully disclosed. The case is remanded so that the trial judge may determine if the lien is otherwise valid under applicable state and federal law and if its enforcement is consistent with the agreement Safety-Guard reached with the Consumer Protection Division of the Mississippi Attorney General's Office.

VACATED and REMANDED.