**Curtis SMITH and Arthria Smith, Plaintiffs,**

v.

**CAPITAL ROOFING COMPANY OF JACKSON, INC., Defendant.**

**Civ. A. No. J85–0233(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 12, 1985.

Lynda C. Robinson, Jackson, Miss., for plaintiffs.

Stephen Shackelford, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

BARBOUR, District Judge.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court makes the following Findings of Fact and Conclusions of Law.

---

**10.** *See* footnote 1, *supra.*

## SUMMARY OF EVIDENCE

On March 5, 1985, Plaintiffs, Curtis and Arthria Smith ("Smith"), sued Defendant, Capital Roofing Company of Jackson, Inc. ("Capital"), for violations of the Truth in Lending Act ("TILA") seeking rescission of the consumer credit transaction and forfeiture of loan proceeds pursuant to 15 U.S.C. § 1635, actual damages pursuant to 15 U.S.C. § 1640(a), punitive damages and attorney's fees. The matter was tried before the Court, sitting without a jury, on May 30, 1985. After receiving post-trial briefs of authority, the Court makes its Findings of Facts and Conclusions of Law.

On October 23, 1983, the Smiths entered into a contract with Capital for the sale and installation of aluminum siding on the Smiths' home for a contract price of $7800.00. To effectuate the transaction, the Smiths testified that they executed an installment sales contract, note and disclosure statement and a notice of right to rescind. According to the Smiths, although these papers were signed by them on October 23, 1983, the Capital representatives who negotiated the contract dated them October 24, 1983.

On October 24, 1983, the Smiths testified that Capital began installing the siding on their home. After Mrs. Smith asked one of the Capital employees whether a verification of their credit had been obtained, the work stopped and the crew left.

Approximately 3 weeks later, on November 14, 1983, the Smiths stated that Capital resumed performance of the contract which was completed November 17, 1983.

On November 16, 1983, Capital notified the Smiths that the lender would not approve a loan to them which was in excess of the equity in their house of $5500.00. Capital agreed to reduce the contract price of $7800.00 to $6800.00, leaving a balance of $1300.00 which the Smiths would have to finance through other means. Mr. Smith was unable to borrow the remaining $1300.00. Consequently, Capital finally agreed to accept $600.00 in cash which Mr. Smith paid on November 18, 1983.

As a result of the negotiations, the Smiths were required to execute a new set of documents and Capital destroyed the October 24, 1983, documents. On November 17, 1983, the Smiths again executed an installment sales contract, note and disclosure statement and a notice of right to rescind.

The Smiths testified that they never executed a deed of trust in favor of Capital on their home as collateral for the transaction although two deeds of trust were recorded by Capital. In fact, they testified that they were unaware of the existence of a deed of trust against their home in favor of Capital until they were notified of foreclosure proceedings which Capital instituted against them on the deed of trust. Mr. Smith also stated that it was not his understanding that Capital was to receive a security interest in their home.

Two deeds of trust, allegedly signed by the Smiths, were introduced into evidence. Capital is the Grantee and the Smiths' property is the collateral. The Smiths testified that their signatures on the deeds of trust, one recorded December 5, 1983, and another recorded March 9, 1984, were forged. To corroborate their testimony, the Smiths used an overhead projector to compare their authentic signatures with the alleged forgeries appearing on the deeds of trust.

On December 7, 1983, the Smiths notified Capital that the contract was rescinded because of irregularities they believed existed in the transaction.

The Smiths claim that they are entitled to rescission of the deeds of trust, forfeiture of the loan proceeds, actual damages, attorneys' fees and punitive damages because of Capital's violations of the provisions of the TILA and Regulation Z. Specifically, the Smiths claim Capital violated the TILA by:

(1) failing to disclose the existence of a deed of trust as a security interest in their home;

(2) commencing work under the contract prior to the expiration of the three day rescission period;

(3) failing to obtain the Smiths' signatures on the deeds of trust prior to recording them and failing to deliver a copy of the deed of trust to them.

Capital, on the other hand, testified that performance of the contract did not begin on the Smiths' house until after the expiration of the three-day rescission period. In support, Capital introduced into evidence a "load out sheet" dated November 11, 1983, which is completed when Capital's subcontractor obtains the materials. Capital also introduced a payment voucher dated November 11, 1983, indicating payment to the subcontractor for materials purchased. Jimmy Lovett, President of Capital, also testified that Mr. Smith did sign a deed of trust.

## FINDINGS OF FACT

Based upon the evidence adduced at trial, as summarized above, the Court finds the following:

(1) A contract was entered into between the Smiths and Capital on October 23, 1983, for the sale and installation of aluminum siding;

(2) On October 23, 1983, the Smiths executed an installment sales contract, note and disclosure statement and notice of right to rescind;

(3) This consumer credit transaction is subject to TILA and Regulation Z;

(4) The disclosure statement signed by the Smiths in no place mentions a deed of trust but stated in pertinent part:

Security: You are giving a security interest in:

X the goods or property being purchased.

X (brief description of other property) 1006 Rondo St. Jackson, Miss. 39213

(5) the notice of right to rescind stated in pertinent part:

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled.

(6) Work was commenced by Capital on October 24, 1983, prior to the three-day rescission period.

(7) Because of difficulties experienced in financing the contract price, the contract was renegotiated. The contract documents executed October 23, 1983, and dated October 24, 1983, were destroyed and the Smiths executed a new contract, installment sales contract, note, disclosure statement and notice of right to cancel on November 17, 1983, which superseded the October 23, 1983, contract.

(8) The notice of right to cancel dated November 17, 1983, noted that the notice of rescission must be mailed "no later than midnight of November 21, 1983...."

(9) Work under the contract was completed November 17, 1983.

(10) Capital recorded two deeds of trust. Both deeds of trust are dated November 17, 1983, and the acknowledgements are dated November 18, 1983. One deed of trust was recorded December 5, 1983; the trustee is David K. McGowan and the grantors are Curtis Smith and Arthria Smith, a/k/a Arthria H. Smith. The other, apparently a copy of the first, was recorded March 9, 1984; the trustee is Tony C. Stepp and the grantors are Curtis Smith and Arthria Smith.

(11) The Smiths' attorney notified Capital on December 7, 1983, that they were exercising their right to rescind the transaction.

(12) The Smiths failed to prove, by clear and convincing evidence, that their signatures on the two deeds of trust were forged.

## CONCLUSIONS OF LAW

The Smiths seek rescission of the consumer credit transaction and forfeiture of the loan proceeds on the basis that Capital's failure to disclose the existence of a deed of trust as a security interest on their home was a material non-disclosure. The Smiths also seek damages as a result of Capital's commencement of work under the contract prior to the expiration of the three-day rescission.

With regard to the Smiths' claim for damages for Capital's commencement of performance prior to the three-day rescission, the Court finds that Capital's performance prior to expiration of the three-

day rescission constitutes a technical violation of Regulation Z § 226.15(c) which provides:

> [u]nless a consumer waives the right to rescind ..., no money shall be disbursed other than in escrow, *no services shall be performed, and no materials delivered until after the rescission period has expired.* [emphasis added]. "

This technical violation would subject Capital to damages under § 1640 of the TILA. However, § 1640(e) requires that actions for damages be commenced "one year from the date of the occurrence of the violation." The violation by Capital occurred on October 24, 1983, when it commenced performance prior to the three-day rescission period. The Smiths filed suit on March 5, 1985. Accordingly, the Smiths' claim for damages is barred by the one year statute of limitations. *See, e.g., In Re Smith,* 737 F.2d 1549, 1552 (11th Cir.1984).

■ With regard to the Smiths' claim for rescission, § 226.23(a)(3) provides that the consumer's right to rescind may be exercised until midnight of the third business day following consummation, delivery of the notice of the right to rescind, or the delivery of all material disclosures, whichever occurs last. Section 226.23(a)(3) further provides that if the required notice or material disclosures are not delivered, the right to rescind expires three years after consummation. *See also,* 15 U.S.C. § 1635(f). Consequently, if this Court finds that the failure to disclose the existence of a deed of trust as a security interest in the Smiths' home was a material non-disclosure, then the Smiths' notice of rescission on December 7, 1983, was timely.

Regulation Z, 12 C.F.R. § 226.18(m) requires a creditor to disclose:

> [t]he fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

The Fifth Circuit has yet to decide whether § 226.18(m) of Regulation Z requires a creditor to disclose the existence of a deed of trust as a security interest. *Compare Gerasta v. Hibernia Bank,* 411 F.Supp.

176 (E.D.La.1975), *aff'd in part, reversed in part,* 575 F.2d 580 (5th Cir.1978) (creditor need not disclose statutory liens running in favor of non-creditor contractor or subcontractor).

In *Williamson v. Lafferty,* 698 F.2d 767 (5th Cir.1983), the Fifth Circuit concluded that the creditor had failed to disclose the extent of the consumer's property subject to a security interest. The disclosure form indicated that the creditor received "a deed of trust security interest in property where improvements will be located." In holding that the consumer's property in which the security was taken was not sufficiently identified, the court stated:

> [t]he granting of a deed of trust in one's home as security is a critical factor in a consumer credit transaction.

698 F.2d at 769. The court reasoned that the inquiry regarding the materiality of the disclosure is not what an individual plaintiff thinks but what a reasonable consumer thinks. To be a material non-disclosure, the court stated that the information must be of some significance to a reasonable consumer under the circumstances in his "comparison shopping" for credit. *See also, In Re Smith,* 737 F.2d 1549 (11th Cir.1984) (TILA mandates disclosure of nature of security interest on disclosure statement); *Lee v. Redstone Federal Credit Union,* 615 F.2d 683 (5th Cir.1980) (creditor must disclose more than the fact of its retention of a security interest).

*Jones v. Fitch,* 665 F.2d 586 (5th Cir. 1982) is inopposite. In *Jones,* the consumer argued that the creditor's failure to identify the real property being secured in the disclosure statement justified rescission. The disclosure statement did indicate that the loan was secured by a deed of trust on real property. The court determined that the failure to identify the real property secured by a deed of trust was not a material non-disclosure. The court noted that the deed of trust was executed as part of a single transaction and the consumer did not suggest that they did not know of the security interest being taken in their home.

In this case, the disclosure statement did not specify the type security interest being

taken in the Smiths' home. Moreover, they denied that they ever signed a deed of trust although they failed to prove, by clear and convincing evidence, that the deeds were forged. Mr. Smith did state that he was not aware that a security interest was being taken in his home. The Court, after examining the deeds of trust, believes that irregularities existed.

The Court also concludes, in accordance with *Williamson v. Lafferty, supra,* that Capital's failure to disclose the existence of a deed of trust as security on the Smiths' home was a material non-disclosure. If the Smiths did acknowledge execution of the deeds of trust, then this case would be governed by *Jones v. Fitch, supra.* Since the Smiths do deny signing the deeds of trust and since Capital failed to produce the notary public who acknowledged the deeds of trust to rebut the Smiths' denial, the Court is of the opinion that the Smiths proved by a preponderance of the evidence that they did not sign, nor were they aware of, the deeds of trust against their property. Accordingly, Capital should have disclosed the existence of the deed of trust in the disclosure statement. Capital's failure to do so entitled the Smiths to rescind the deed of trust on their property. Further, the Smiths timely exercised their right to rescind.

Now, the Court must determine whether the Smiths are entitled to forfeiture of the loan proceeds as a penalty.

According to § 1635(b), when a consumer exercises his right to rescind,

... he is not liable for any finance or other charge, and any security interest given by the obligor, including any interest arising by operation of law, becomes void upon such a rescission. Within twenty days after receipt of notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of a security interest created by the transaction. If the creditor has delivered any property to the obligor, the obligor must return possession of it.

If the creditor performs its obligations under § 1635(b) by returning the down payment or earnest money and by terminating the security interest created by the transaction, the consumer is obligated to return to the creditor the property or its reasonable value. If the creditor does not take possession of the property within twenty days after tender by the consumer, § 1635(b) provides that ownership of the property vests in the consumer with no obligation on his part to pay for it.

■ In this instance, the Smiths notified Capital of the rescission of the contract. Capital did not fulfill its obligations under § 1635(b) by terminating the security interest although the $600.00 down payment made by Mr. Smith to Capital had been returned to him prior to exercising the right to rescind. Capital's failure to cancel the deed of trust upon receipt of notice of rescission would expose it to damages under § 1640(a) had the Smiths filed suit within the one year statute of limitations. Yet, they failed to do so. Moreover, the Smiths failed to tender to Capital the reasonable value of the work performed by Capital. In fact, the Smiths admit that they owe Capital and are willing to pay Capital a fair price for the siding for which they have paid nothing. Accordingly, the Court is of the opinion that, although the Smiths are entitled to rescission of the deed of trust, the Smiths are required to pay, in reasonable monthly installments, the principal amount of the loan to Capital. *See, e.g., Etta v. Seaboard Enterprises, Inc.,* 674 F.2d 913 (D.C.Cir.1982); *Powers v. Sims & Levin,* 542 F.2d 1216 (4th Cir.1976).

Finally, the Smiths request attorneys' fees and punitive damages. With regard to attorneys' fees, the Smiths have not supported their claim with an analysis of the *Johnson* factors. Consequently, the Court, while recognizing the Smiths' right to recover attorneys' fees as the prevailing party, *McGowan v. King, Inc.,* 661 F.2d 48 (5th Cir.1981), cannot enter an award without factual support. *Id.*

■ With regard to punitive damages, the Court is of the opinion that, although irregularities existed with regard to the

transaction, punitive damages will not lie. There was no proof that Capital acted in a wanton, malicious or oppressive manner or in reckless disregard of the requirements of the law. *See, e.g., Anderson v. United Finance Company,* 666 F.2d 1274 (9th Cir. 1982).

In summary, the Smiths are entitled to a rescission of the deeds of trust against their property; the Smiths are not entitled to statutory damages or actual damages; the Smiths are required to pay, in reasonable monthly installments, the principal amount of the loan to Capital; the Smiths are entitled to attorneys' fees in an amount to be determined; and the Smiths are not entitled to punitive damages. A Final Judgment in accordance with this Opinion will be entered upon resolution of the issue of attorneys' fees. Plaintiffs' attorney shall make proper application for attorneys fees within 10 days of the date of this Memorandum Opinion and Defendant's attorney shall have (10) days from this date in which to respond.