Alberta TAYLOR; Tom Taylor,
Plaintiffs–Appellees,

v.

DOMESTIC REMODELING,
INC. et al, Defendants,

Green Tree Financial Corporation,
Mississippi, Defendant–
Appellant.

No. 95–60597
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1996.

Carnelia Pettis Fondren, Minnie P. Howard, North Mississippi Rural Legal Services, Batesville, MS, for plaintiffs-appellees.

Stephan Land McDavid, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, MS, for defendant-appellant.

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:

Green Tree Financial Corporation ("Green Tree") appeals the trial court's judgment in favor of the Taylors. The trial court found that because Green Tree violated the disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1634, the Taylors had three years within which to exercise their right to rescind the transaction. Green Tree further appeals the trial court's finding that the Taylors' filing of their complaint constituted notice of intent to rescind as required by 12 C.F.R. § 226.23(a)(2). Finding no error, we AFFIRM.

## FACTS

In May, 1991, defendant Domestic Remodeling, Inc. ("Domestic") approached Mrs. Taylor about remodeling her home. Mrs. Taylor and her son Tom authorized Domestic to construct an addition onto the house and roof it. The total cash price of the agreed-upon remodeling was $17,500.00. At the same time, the Taylors signed a loan application to obtain financing for the remodeling through Green Tree. On June 4, 1991, Green Tree approved the loan, and on June 11, 1991, Mrs. Taylor signed a deed of trust granting a security interest in her home to Green Tree. That same day, she also signed a Notice of Right to Cancel which advised her that she had until midnight of June 14, 1991, or three business days from the date she received the Truth in Lending disclosures, or three days from the date she received the instant notice to cancel the transaction. Domestic and Green Tree did not give the Taylors the referenced Truth in Lending disclosures documenting particulars about the loan on June 11, 1991.

Whatever construction was done on the Taylor home began and ended on June 27, 1991. On that date, Mrs. Taylor signed a Completion Certificate and verified via telephone with Green Tree that the work was satisfactory.[1] On that same day, Green Tree and Domestic finally gave Mrs. Taylor the Truth in Lending disclosures referenced in the Notice of Right to Cancel.

The Taylors filed suit in state court on June 27, 1994 against Domestic and Green Tree. Green Tree removed the case to the Federal District Court for the Northern District of Mississippi based on diversity jurisdiction. The Taylors asserted TILA violations, violation of the Mississippi Home Solicitation Sales Act, rescission under the provisions of TILA, as well as common law causes of action for fraud and common law breach of contract.

The parties consented to trial before a magistrate judge, and Green Tree was granted summary judgment on all issues except rescission under the provisions of the TILA and breach of contract. On a special verdict

---

1. The Taylors allege that the work was not in fact either complete or satisfactory.

form, the jury found that the work was started prior to the expiration of the three day cooling off period beginning on June 27, 1991 when the Taylors finally received the Truth in Lending disclosures. The trial court, applying these facts to the law, then found for the Taylors on the rescission claim. The breach of contract claim did not reach the jury because the Taylors, having failed to timely designate an expert to testify on the subject, were unable to offer evidence of the damages claimed to have resulted from the alleged breach. Domestic never made an appearance or answered the complaint, and the Taylors secured a default judgment against them along with the judgment against Green Tree.

The trial court denied Green Tree's motion for judgment as a matter of law, and Green Tree appeals both that denial and the underlying judgment against it.

## DISCUSSION

■ This appeal from a judgment entered by a magistrate with the consent of the parties is to the court of appeals, not to the district court. This Court applies the same standard of review to the findings and conclusions of the magistrate that we would apply to a decision of the district court. *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir.1987). Conclusions of law made by the magistrate judge are therefore subject to *de novo* review while findings of fact made by the magistrate judge are upheld unless such findings are clearly erroneous. *Id.*

### 1. Rescission

■ At issue here is the interaction of certain TILA statutes. TILA provides that in the case of any consumer credit transaction in which a security interest will be retained on any property used as the consumer's principal dwelling, the consumer *shall* have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the material disclosure and rescission forms, whichever is later. 15 U.S.C. § 1635(a). If the creditor fails to deliver the forms, or fails to provide the required infor-

mation, then the consumer's right of rescission extends for three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). An associated regulation provides that

> The Consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) or this section, or delivery of all *material disclosures,* whichever occurs last. If the required notice or material disclosures are *not delivered, the right to rescind* shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first.

12 C.F.R. § 226.23(a)(3) (emphasis added). In order to exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. 12 C.F.R. § 226.23(a). The notice of right to rescind must identify the transaction and "shall clearly and conspicuously disclose" the security interest in the home, how to exercise the right to rescind, and a form for that purpose, the effects of rescission, *and the date the rescission period expires.* 12 C.F.R. § 226.23(b). Moreover, the regulation provides that no money shall be disbursed, no services shall be performed, and no materials delivered until the rescission period has expired and the creditor is reasonably satisfied that the consumer has not rescinded. 12 C.F.R. § 226.23(c). When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge. 12 C.F.R. § 226.23(d). If the creditor has delivered any money or property when the consumer exercises his right to rescind, then the consumer shall tender the money or property to the creditor or if that is impracticable or inequitable, the consumer will tender its reasonable value. 12 C.F.R. § 226.23(d).

Green Tree acknowledges that the notice of right to rescind was misdated and that performance was premature, as found by the jury. However, it argues that these are not

material failures to disclose as described by 12 C.F.R. § 226.23(a)(3), and are merely technical violations warranting damages only, citing *Smith v. Fidelity Consumer Discount Co.,* 898 F.2d 896 (3d Cir.1990) and *Bank of Evening Shade v. Lindsey,* 278 Ark. 132, 644 S.W.2d 920 (1983). Both cases are distinguishable from the case *sub judice.*

In *Smith,* the Third Circuit found that delivery of the loan proceeds during the rescission period did not violate the material disclosure requirements and was a technical violation warranting damages only and not rescission. *Smith,* 898 F.2d 896. There was no defect in the notice of the right to rescind, and the only TILA violation was the bank's early performance. *Id.* Similarly, in *Evening Shade,* the notice erred in stating the deadline for rescission by one day, and there were no other violations. *Evening Shade,* 644 S.W.2d at 922. The case at bar involves much more than a one-day mistake in the calculation of the three-day period, and also involves premature performance of the construction of the Taylors' addition.

In *Williamson v. Lafferty,* 698 F.2d 767, 768 (5th Cir.1983), this Court implicitly found that the intent of the disclosure requirements are two-fold under 15 U.S.C. § 1635(a): first to provide for a right of rescission upon the creditor's failure to disclose material information about the transaction itself, and second to provide for a right of rescission upon the creditor's failure to disclose the required information regarding the consumer's right to rescind. *See Williamson,* 698 F.2d at 769. The notice of the right to rescind did not indicate when the three-day "cooling-off" period would terminate, and the plaintiff had been given a blank Deed of Trust to sign and thus could not know the terms of the security agreement. This Court held that plaintiff Williamson was due the three-year right to rescind based on each violation individually. The violation on the right to rescind notice, in and of itself, mandated the three-year right because the violation was a failure to disclose required information regarding the consumer's right to rescind. *Williamson,* 698 F.2d at 769. The blank Deed of Trust was a material failure to disclose because a reasonable con-

sumer would not have known the amount of the security interest or even that her home was securing the lien. *Williamson,* 698 F.2d at 770. The court noted that while the TILA does not demand unyielding compliance with detail, full and honest disclosure is exacted. *Id.,* 698 F.2d at 770.

In the case *sub judice,* the notice to rescind was misdated because three days after delivery of the disclosure forms would have been July 1, not June 14. Even if the Taylors should have been reasonably aware that the cooling-off period did not terminate until after they had received both the notice and the disclosures, by that time the construction was as complete as it would ever be, and they were facing a *fait accompli.* Had Green Tree, as a creditor, reviewed the documents to assure that they complied with TILA before disbursing the loan proceeds, it would have been obvious that the notice of right to rescind was defective, and Green Tree could have withheld disbursement of the loan proceeds to Domestic until all TILA requirements had been met. As it was, the combination of the two violations resulted in a material failure to disclose to the Taylors their right to rescind, and the magistrate judge correctly determined that they were due the three-year term of 15 U.S.C. § 1635(f) in which to rescind.

*2. Notice*

Green Tree further argues that the Taylors failed to exercise their right of rescission because they never submitted any proof of giving written notice to Green Tree, as required by 12 C.F.R. § 226.23(a)(2). The magistrate took judicial notice that the Taylors filed their lawsuit on June 27, 1994, three years after the date of the transaction. Green Tree argues that regardless of the filing date, the Taylors did not mail the summons and complaint to Green Tree on that date, but sometime thereafter. Relying on *Elliott v. ITT Corp.,* 764 F.Supp. 102, 105–06 (N.D.Ill.1991), the magistrate held that the filing of a judicial complaint is a "written communication" within the meaning of the regulation, and that such filing tolls the three year period. Green Tree asserts that the three-year period for the right of rescission

is not a statute of limitations, and therefore that it cannot be tolled by the filing of a claim, citing to *Rodriguez v. County Lumber and Supply,* 460 F.Supp. 810 (N.D.Ill.1988). While *Rodriguez* does indicate that the three-year right is not a statute of limitations, it does not base its decision on that principle, and instead finds that as the plaintiff had not exercised that right within three years of the transaction, the right was waived. Thus, *Rodriguez* is inapplicable to the case at bar.

In *Elliott,* as in the situation at bar, the plaintiff had filed a judicial complaint within the three year period. *Elliott,* 764 F.Supp. at 105. The court rejected defendants' argument that the filing of the judicial complaint did not fulfill the mandatory conditions precedent to bringing a TILA rescission claim. *Id.* at 106. The pertinent federal regulation requires that the borrower exercising the rescission right "notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). In *Elliott,* the court found at least one instance in which filing a complaint satisfied the regulations' requirement that the notice be by means of 'written communication,' but could find no authority to the contrary. *Elliott,* 764 F.Supp. at 106. The notice requirements of the TILA rescission provision were not at issue in the case cited by the defendants, and it contained only a vague statement that certain procedures related to a rescission request must be followed "before the matter can be brought to court." *Id.,* citing *James v. Home Constr. Co.,* 621 F.2d 727, 731 (5th Cir.1980). In the absence of any firm contradictory authority, the *Elliott* court declined to find that a complaint did not constitute statutory notice. *Elliott,* 764 F.Supp. at 106.

We adopt *Elliott*'s holding that the filing of the complaint constitutes statutory notice of rescission pursuant to 12 C.F.R. § 226.23(a)(3), and we concur with the magistrate judge's reasoning that this provides a common sense solution to a problem which might be otherwise unsolvable because of the many difficulties a plaintiff might have in completing service on a defendant without substantial delay. Therefore, finding that

the magistrate judge's opinion was well-reasoned and contains no error, the judgment is AFFIRMED.