**Norman AUBIN and Holly Aubin, Plaintiffs,**

v.

**RESIDENTIAL FUNDING COMPANY, LLC and Fremont Investment & Loan, Defendants.**

**No. 3:07cv302 (MRK).**

United States District Court, D. Connecticut.

July 11, 2008.

---

Andrew G. Pizor, Daniel S. Blinn, Consumer Law Group, Rocky Hill, CT, for Plaintiffs.

Geoffrey K. Milne, Nicole L. Barber, Hunt Leibert Chester & Jacobson, Hartford, CT, for Defendants.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

Pending before the Court is a Motion to Dismiss [doc. # 32] filed by Defendants, Residential Funding Company, LLC's ("Residential") and Fremont Investment & Loan's ("Fremont") (together "Defendants"). Defendants ask the Court to dismiss a portion of Count One of Norman and Holly Aubin's ("the Aubins") Complaint [doc. # 1]. The focus of the motion is the Aubins' claim that Defendants failed to comply with the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by neglecting to deliver a notice of right to rescind that clearly and conspicuously disclosed the date the applicable rescission period expired. For the reasons detailed below, the Court denies Defendants' motion.

**I.**

The factual background to this case is relatively straightforward and agreed upon by the parties. In 2006, the Aubins refinanced their home with two mortgages from Fremont. The closing was originally scheduled to take place on February 28, 2006, but did not occur until March 1, 2006. Nonetheless, all of the documents, including the Notice of Right to Rescind ("Rescission Notice") were dated February 28, 2006. The Rescission Notice stated in relevant part:

> You are entering into a transaction that will result in a mortgage lien, or security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occur last:
>
> (1) the date of the new transaction, which is *2/28/06;* or
>
> (2) the date you received your new Truth in Lending disclosures; or

(3) the date you received this notice of your right to cancel.

It then went on to say:

If you cancel by mail or telegram, you must send the notice no later than midnight of *3/3/06* (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

Defs.' Mem. of Law in Supp. of Mot. to Dismiss [doc. # 33], Ex. A.[1] The Aubins signed the Rescission Notice on March 1, 2006 (though it was dated February 28, 2006). *See id.*

On March 11, 2006, the funds were disbursed to the Aubins. Thereafter, the mortgages were assigned to Residential, which currently owns them. In February 2007, approximately a year after signing the Rescission Notice, the Aubins sought to rescind the mortgages by sending written notices of rescission to Defendants and invoking the extended three-year right of rescission available to mortgagors when no proper right to rescind is provided. *See* 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(a)-(f). After receiving no response from Defendants, on February 27, 2007, the Aubins filed a Complaint [doc. # 1] in this Court alleging that the Rescission Notice violated TILA's notice requirements.[2]

## II.

This Court has previously discussed at length the standard governing motions un-der Rule 12(b)(6). *See, e.g., Beary v. ING Life Ins. & Annuity Co.,* 520 F.Supp.2d 356, 361 (D.Conn.2007). Suffice it to say that in considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 591–92 (2d Cir.2007) (citing *Taylor v. Vt. Dep't of Educ.,* 313 F.3d 768, 776 (2d Cir.2002)). "Specific facts are not necessary; the statement need only ' "give the defendant fair notice of what the claim is and the grounds upon which it rests." ' " *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (alteration omitted) (quoting *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))). Moreover, for the purposes of this case, in TILA cases, "[w]here ... the sole issue is whether required disclosures have been made clearly and conspicuously, or whether additional disclosures confuse or mislead, the court may appropriately decide the plaintiff's claims as raising issues of law." *Gambardella v. G. Fox & Co.,* 716 F.2d 104, 113 (2d Cir.1983).

## III.

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed

---

1. The Aubins refer to, but do not quote the full text of the Rescission Notice in their Complaint. However, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir.2007).

2. Count One includes other allegations under TILA and the Connecticut Truth–in–Lending Act, Conn. Gen.Stat., § 36a–676 *et seq.* Count Two asserts claims under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42–110a *et seq.,* and alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq. See* Complaint [doc. # 1].

use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). To this end, TILA and the regulations implemented by the Federal Reserve Board in Regulation Z, 12 C.F.R. pt. 226, provide consumers in credit transactions, where a security interest is given in their principal dwelling, the right to rescind within three business days "following consummation, delivery of the notice [of right to rescind disclosures], or delivery of all material disclosures, whichever occurs last." 12 C.F.R. § 226.23(a) (footnote omitted); *accord* 15 U.S.C. § 1635(a). However, if the notice of right to rescind or other material disclosures are not made, then the consumer has three years from the consummation date to rescind the transaction, unless the property in question has been sold. *See* 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(f). Among the required notice of right to rescind disclosures is "[t]he date the rescission period expires," 12 C.F.R. §§ 226.23(b)(1)(v), 226.15(b)(5), and such notice must be given "clearly and conspicuously" in writing, 12 C.F.R. §§ 226.5(a)(1), 226.17(a)(1), 15 U.S.C. § 1635(a). Although there is some disagreement as to what constitutes "clear and conspicuous" notice, courts generally agree that it is measured by an objective, rather than a subjective test; thus, the question courts ask is whether the average consumer would find the notice clear or confusing. *See, e.g., Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir.2006); *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir.2006); *Wiggins v. AVCO Fin. Servs.*, 62 F.Supp.2d 90, 94 (D.D.C. 1999) ("All courts are agreed that alleged violations of TILA are subject to an objective standard of review.").

**IV.**

The Aubins assert that the Rescission Notice did not comply with TILA for two reasons. First, the Rescission Notice provided an inaccurate deadline, in that it was dated February 28, 2006, the date before the closing, not March 1, 2006, the date of the closing and the date the Aubins received the Rescission Notice. Furthermore, the Rescission Notice also stated that the Aubins could rescind no later than midnight of March 3, 2006, which is not correct given that the closing occurred on March 1, not February 28. Second, according to the Aubins, the Rescission Notice "contained no information regarding the manner in which business days are determined or counted." Pls.' Mem. of Law in Opp'n to Mot. to Dismiss [doc. # 36] at 2. In support, the Aubins state:

> For example, if the first day was deemed to be March 1, then the notice would have to be sent by the end of the third day, March 3. But, if the date of the disclosure is not counted, then the notice would have to be sent by the end of the third day, March 4, 2006, which was a Saturday. The disclosure did not advise whether Saturdays or Sundays are · considered business days. If neither weekend day is a business day, then the deadline to cancel would be the end of the following Monday, March 6. In reality, March 1 is not counted as the first day and Saturday, March 4, is a business day. Therefore, the proper deadline date was March 4. But, none of this guidance was provided in the notice. The only information was the stated deadline of March 3—just two business days following the disclosure.

*Id.*

Defendants contend that the Rescission Notice complied with TILA as a matter of law and that the Aubins' receipt of the TILA disclosures nullifies any extended rescission rights. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss [doc. # 33] at

5–6, 9. Defendants make three points in support of their position. First, TILA requires only "clear and conspicuous," and not perfect notice, and the Rescission Notice satisfies that standard. Second, under § 1635(h), use of a Rescission Notice that is identical to the Federal Reserve Board's published and adopted model form, the H–8—Rescission Model Form, *see* 12 C.F.R. Pt. 226, App. H–8, provides an "impenetrable shield" against TILA attacks. Third, even if no "impenetrable shield" is available, use of the Federal Reserve model form entitles Defendants to a presumption of TILA compliance, a presumption that the Aubins have failed to rebut.

■ The Court will turn first to Defendants' second argument—that under 15 U.S.C. § 1635(h), use of a Rescission Notice that is identical to the H–8—Rescission Model Form provides an "impenetrable shield" against TILA attacks. The Court need not (and does not) decide whether use of the Federal Reserve model form provides a shield against TILA liability—as appears to have been suggested by some courts, *see, e.g., Gibson v. Bob Watson Chevrolet–Geo, Inc.*, 112 F.3d 283, 286 (7th Cir.1997); *Porter v. Mid–Penn Consumer Disc. Co. (In re Porter)*, 961 F.2d 1066, 1076 (3d Cir.1992); *Murphy v. Empire of Am.*, 583 F.Supp. 1563, 1566 (W.D.N.Y.1984)—because § 1635(h) is applicable only where the model form is "properly completed." Section 1635(h) thus states:

> An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Board, or a comparable written notice of the rights of the obligor, that was *properly completed* by the creditor, and otherwise complied with all other requirements of this section regarding notice.

15 U.S.C. § 1635(h) (emphasis added). It seems clear that the Rescission Notice in this case was not "properly completed" in that Defendants did not provide the correct date on which the rescission period expired and the papers were dated as of the day before the closing. As a consequence, Defendants cannot use § 1635(h) as an "impenetrable shield" against TILA liability.

■ Focusing, then, on whether the Rescission Notice provided notice of the three-day rescission period expiration date that accords with TILA's standards, the Court is willing to assume (without deciding) that Defendants are correct in asserting that TILA does not require "perfect notice." *See Gambardella*, 716 F.2d at 118 ("TILA ... does not require perfect disclosure, but only disclosure which clearly reveals to consumers the cost of credit."); *see also Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir.1996); *Smith v. Chapman*, 614 F.2d 968, 972 (5th Cir.1980) ("Strict compliance does not necessarily mean punctilious compliance if, with minor deviations from the language described in the Act, there is still a substantial, clear disclosure of the fact or information demanded by the applicable statute or regulation."). Nonetheless, all are agreed that TILA at least requires "clear and conspicuous" notice, and thus the question this Court must resolve is whether the Rescission Notice satisfies that standard. Because of the confluence of rather unique factors presented in this particular case, the Court concludes that the Rescission Notice does not satisfy that standard. *Cf. Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 99 (5th Cir.1996) (holding that erroneous statement of date on which consumer's right to rescind home improve-

ment contract would expire, when coupled with contractor's premature performance of remodeling before rescissory period had even begun to run, constituted a material breach of defendant's TILA disclosure obligations, of kind which entitled consumers to extended three-year rescission rights); *Am. Mortgage Network, Inc. v. Shelton,* 486 F.3d 815, 819 n. 4 (4th Cir.2007) ("[TILA's] requirements should ... be reasonably construed and equitably applied.") [3]

As an initial matter, it is undisputed that the Rescission Notice did not provide the correct expiration date for the rescission period. That error might well have been rectified or corrected by the alternative three-business-day computational language provided in the Rescission Notice. *See Palmer,* 465 F.3d at 28–29 (holding that three-business-day language rendered notice "crystal clear" where plaintiff received notice after the expiration date noted within notice had passed); *but see Williamson v. Lafferty,* 698 F.2d 767 (5th Cir.1983) ("[T]he precise purpose of requiring the creditor to fill in the date is to prevent the customer from having to calculate three business days."). However, the Court does not believe the alternative language did so in this particular case for two reasons. First, while the Rescission Notice refers to "business days," it never defines "business day" or tells the consumer when to begin counting business days or how to count them. Indeed, it would likely surprise the average person (it certainly surprised this judge) to learn that "Saturday" is included within TILA's definition of a "business day." For Regulation Z states that,

> for purposes of rescission under §§ 226.15 and 226.23, and for purposes of § 226.31, [business day] means all calendar days except Sundays and the legal public holidays specified in 5 U.S.C. 6103(a), such as New Year's Day, the Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

12 C.F.R. § 226.2(a)(6).

It seems apparent to this Court that the average consumer would believe that "business days" are confined to "Monday through Friday." *See* Wikipedia, http://en.wikipedia.org/wiki/Business—day ("In the Western world, Saturdays and Sundays are not counted as business/working days."); *see also Black's Law Dictionary* 402 (7th ed.1999) (defining "business day" as "A day that most institutions are open for business. A day on which banks and major stock exchanges are open, excluding

---

**3.** In reaching this conclusion, the Court need not (and does not) wade into the apparent conflict among circuits regarding whether technical errors are sufficient to trigger the three-year rescissory period. *Compare Handy v. Anchor Mortgage Corp.,* 464 F.3d 760, 764 (7th Cir.2006) ("TILA does not easily forgive 'technical' errors." (quotation marks omitted)), *and Smith v. Fidelity Consumer Discount Co.,* 898 F.2d 896, 898 (3d Cir.1990) ("Once the court finds a violation, no matter how technical, it has no discretion with respect to liability." (quotation and alteration marks omitted)), *and Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 704 (9th Cir.1986) ("Technical or minor violations of TILA or Reg Z ... impose liability on the creditor and entitle the borrower to rescind."), *and Williamson v. Lafferty,* 698 F.2d 767, 768–69 (5th Cir.1983) (holding that failure to fill in rescission expiration date violates TILA), *with Smith v. Highland Bank,* 108 F.3d, 1325, 1327 n. 4 (11th Cir.1997) ("Congress would not have us adopt a hypertechnical reading of any part of TILA."), *and Santos–Rodriguez v. Doral Mortgage Corp.,* 485 F.3d 12, 16 n. 6 (1st Cir.2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive "technical" errors.'" (quoting *Handy,* 464 F.3d at 764)).

Saturdays and Sundays.").[4] That would not necessarily be fatal to Defendants' defense of the Rescission Notice except for the fact that in this particular case the third business day was in fact a Saturday.[5] The Aubins signed the Rescission Notice on March 1, 2006, a Wednesday, which meant that if they started counting on the next day (as TILA requires) their rescission period expired three business days later, on March 4, 2006, a Saturday. However, the Court believes that the average consumer calculating three business days following the closing would have arrived at an expiration date of March 6, 2006, a Monday, not March 4, a Saturday. At a bare minimum, it is certainly not clear to the average consumer when precisely the three business days following the closing expired. Accordingly, the Rescision Notice did not "clearly and conspicuously disclose [to the Aubins] the date the rescis-sion period expire[d]." 12 C.F.R. § 226.23(b)(1)(v). *Cf. Handy,* 464 F.3d at 764 ("Where more than one reading of a rescission form is 'plausible,' the form does not provide the borrower 'with a clear notice of what her right to rescind entails'" (quoting *In re Porter,* 961 F.2d at 1077 (alteration mark omitted))); *Williams v. Empire Funding Corp.,* 109 F.Supp.2d 352, 358–61 (E.D.Pa.2000). These same factors compel the Court to conclude that even if, as Defendants argue, a presumption of TILA compliance was created by their use of the H–8—Rescission Model Form, the Aubins have successfully overcome that presumption on the particular facts of this case.[6]

Finally, the Court is not persuaded by Defendants' contention that *Palmer v. Champion Mortgage* compels a different conclusion. In *Palmer,* a creditor mailed

---

4. For example, when the Second Circuit counts "business days," it does not include Saturdays or Sundays. *See United States v. Douglas,* 525 F.3d 225, 245 (2d Cir.2008) (treating Monday through Friday as "business days," but full week including Saturday and Sunday as "calendar days."); *Henrietta D. v. Bloomberg,* 331 F.3d 261, 268 (2d. Cir.2003) (same); *Burgo v. Gen. Dynamics Corp.,* 122 F.3d 140 (2d Cir.1997) (same); *cf.* 8 C.F.R. § 1003.38(b) ("If the final date for filing falls on a Saturday, Sunday, or legal holiday, [the] appeal time shall be extended to the next business day.").

5. The Court need not (and does not) decide whether the Rescission Notice would have complied with TILA had the third business following the closing been a Thursday or Friday. Furthermore, having concluded that inclusion of a "Saturday" in the calculation of business days makes the Rescission Notice confusing and unclear, the Court need not address the Aubins' alternative contention that the Rescission Notice is also confusing because it fails to clarify whether the date of disclosure is included in the calculation. *See* Pls.' Mem. of Law in Opp'n to Mot. to Dismiss [doc. # 36] at 2.

6. Defendants do not specify what section of TILA provides that use of model forms creates a presumption of compliance, but the Court understands them either to extrapolate from the provisions of § 1635(h) or to refer to § 1604(b), which provides in part that "[a] creditor or lessor shall be deemed to be in compliance with the disclosure provisions of this subchapter with respect to *other than numerical disclosures* if the creditor or lessor (1) uses any appropriate model form or clause as published by the Board...." 15 U.S.C. § 1604(b) (emphasis added); *see also Johnson v. Chase Manhattan Bank, USA N.A.,* No. 07–526, 2007 WL 2033833, at *2 (E.D.Pa. July 11, 2007) (citing to § 1604(b) and noting that a creditor using the model form is deemed to be in compliance with the disclosure provision of TILA). In this case, it is not entirely clear to the Court whether "dates" fall within the definition of "numerical disclosures," and consequently, whether the § 1604(b) presumption would apply here. *Cf. Gibson,* 112 F.3d at 286 ("[T]he safe harbor is unavailable to disclosures required to be given numerically, such as the *amount* financed"). But the Court need not resolve this issue since it finds that the Aubins have overcome any presumption that was created by Defendants' use of the model form.

the borrower her notice of right to cancel after the closing had occurred, and thus after the expiration date noted in the notice had passed. However, unlike the Rescission Notice at issue here, the *Palmer* notice identified the correct expiration date, and would thus fall within both §§ 1635(h) and 1604(b). Additionally, it is not clear that the *Palmer* rescission period included a Saturday, nor did the court in that case address what the result would be if that were the case. *See Palmer*, 465 F.3d at 26 (stating that the Rescission Notice was received in "early April of 2003, but after April 1."). Thus, in concluding that the notice in *Palmer*, which provided similar alternative three-business-day language to that here, met the clear and conspicuous standard, the First Circuit addressed a different factual scenario than that presented in this case. *See Johnson v. Chase Manhattan Bank, USA N.A.*, No. 07–526, 2007 WL 2033833, at *3–*4 (E.D.Pa. July 11, 2007) (distinguishing *Palmer* from situation in which date was omitted from rescission notice). *Colanzi v. Savings First Mortgage, LLC*, No. 07–3637, 2007 WL 3407134 (E.D.Pa. Nov. 15, 2007), which Defendants also rely on to argue that "receipt of the TILA disclosures by the [Aubins] means that they do not have any extended rescission rights," Defs.' Mem. of Law in Supp. of Mot. to Dismiss [doc. # 33], is inapplicable for similar reasons.

## V.

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss [doc. # 32].

IT IS SO ORDERED.